



S. Emanuel Lin *in pro per*
3527 Woodvalley Dr.
Houston, Texas 77025-4232
LinEmanuel@gmail.com
(713) 858-2462

Case No. _____.

# United State District Court
## Central District of California

ED **CV19-966-** *DMG (SPx)*

S. EMANUEL LIN
                              *Plaintiff*
                    v.

(1)  CITY OF PERRIS,
(2)  MATTHEW JOHNSON,
(3)  WRSP, LLC,
(4)  WSRP, LLC,
(5)  DOES 1~10
                    *Defendants*

*Verified Original Complaint for:*

**(1) 18 U.S.C. §1962(c) & §1964
    (CIVIL RICO);**
**(2) 18 U.S.C. §1962(d) & §1964
    (CIVIL RICO CONSPIRACY);**

"VIA FAX"

TO THE HONORABLE COURT

Under the penalty of perjury under the laws of the State of California, the undersigned 70-year-old plaintiff S. EMANUEL LIN ("LIN") declares: I am the custodian of the record from which the supporting exhibits are taken in full or in part from the originals or their true and correct color copy, the facts presented below are within my personal knowledge from the record and as witness/photographer, and believed to be true:

1   *Plaintiff's Verified Original Complaint*

I. INTRODUCTION

1.    On April 5, 1979, LIN purchased a parcel of 10 acres land (APN 326-250-011) commonly addressed as 23886 Bellamo Lane, Perris, CA 92570. For the following 35 years, LIN was able to access his property through a partially dedicated public street, Bellamo Lane, fronting the entire width of his property for approximately 659 feet. (*See* Photo 01 below)



2.    In November 2012, defendant MATTHEW JOHNSON ("JOHNSON") applied for a Conditional Use Permit No. 12-11-0007 ("CUP") with defendant CITY OF PERRIS ("CITY") to establish a private outdoor shooting and archery range (or simply "gun range") on a parcel of CITY's public land (APN 313-180-013) (*See* upper third of Photo

1    01 facing East) that adjoins LIN's 10 acres property through a shared

2    Bellamo Lane.

3        3.    On December 17, 2012, about a month after his applica-

4    tion, JOHNSON formed a limited liability company, defendant WRSP,

5    LLC, ("WRSP") with California Secretary of State in preparation for the

6    development, construction and operation of the proposed private out-

7    door shooting range on a land he held no interests at the time.

8        4.    After conducting *Initial Study*, the lead public agency de-

9    fendant CITY OF PERRIS adopted a *Mitigated Negative Declaration* on

10   February 20, 2013 granting JOHNSON the subject CUP under an

11   agreed *Final Conditions of Approval* which specifically required:

12   **Final Conditions of Approval** (p 4, Exhibit A)

13   25. Prior to issuance of permits, the applicant shall be re-
14       quired to demonstrate to the City that all improve-
15       ments and proposed fencing are located outside the
16       road dedication along Bellamo ~~Avenue~~ Lane.

17       5.    On November 7, 2013, a *Ground Lease Agreement* ("the

18   Lease") was entered between defendant Lessor CITY OF PERRIS and

19   defendant Lessee WSRP, LLC ("WSRP") over the signature of "Its: Man-

20   ager" MATTHEW JOHNSON (*See* signature page, Exhibit B) for the de-

3    *Plaintiff's Verified Original Complaint*

1    velopment, construction, and operation of a private outdoor shooting

2    range on the "Premises" (APN 313-180-013):

3    **Ground Lease Agreement** (page 2, Exhibit B)

4    B. The Lease is entered into for the purpose of developing,
5    constructing, and conducting a private outdoor shooting
6    and archery range on approximately 14 acres consistent
7    with Conditional Use Permit No. 12-11-0007 ("CUP"), in-
8    cluding as it may be amended from time to time.



9
10    Photo DSCF5005 on 11/20/2014 3:35 p.m.

11    6.    Contrary to the still-un-amended terms of CUP and the

12    Lease, however, defendants JOHNSON, WRSP, and WSRP (hereinafter

13    collectively referred to as "the gun range developers JOHNSON<u>S</u>") in-

14    stalled a chain-link fence on LIN's property line fronting the Bellamo

15    Lane, and a yellow steel gate across the said public street, totally block-

1    ing his decades-old access to his property (Photo DSCF5005 above).

2         7.    JOHNSON<u>S</u> also built in 2014 a covered-structure with 30'

3    by 160' footprint with 2' roof overhang on each side for pistol range in

4    the middle of 44'-wide Bellamo Lane dedication (*See* circled rooftop

5    with a small white skylight on Google aerial photo below)



6
7       Google aerial photo – Covered structure on Bellamo Lane

8         8.    Having the ordinary access to his property blocked due to

9    the closure of Bellamo Lane, LIN filed suit styled as *S. Emanuel Lin v.*

10    *City of Perris, Matthew Johnson, WSRP LLC, WRSP LLC* before Superior

11    Court of Riverside (Case no. 1411077) on November 18, 2014.

12         9.    On January 13, 2017, JOHNSON, WRSP LLC, LIN and coun-

13    sel for CITY orally stipulated before the court certain terms of settle-

14    ment.

10.    On May 12, 2017, a final *Judgment* (Exhibit D) was entered on a motion to enforce the said oral settlement pursuant to CCP §664.6, dismissing RIC1411077 on *Plaintiff's 1st Amended Complaint.*

11.    The *Judgment* specifically provides (p2, line 14, Exhibit D):

**Final Judgment (RIC1411077)**

3. Plaintiff S. Emanuel Lin is barred from renewing and generally releases all known claims arising out of the allegations made in case number RIC1411077 and RIC 1500781; *Plaintiff does not waive his rights under California Civil Code Section 1542.* [Hand-written in original, shown in italic herein]

12.    On August 21, 2018, LIN discovered by accident that California Franchise Tax Board ("FTB") had suspended as of June 1, 2018 (Exhibit E) defendant WRSP, LLC's "corporate powers, rights and privileges" to operate the subject gun range on the *Premises* under CA Revenue and Taxation Code ("RTC") § 23301 for failure to pay taxes.

13.    Upon FTB's suspension, WRSP no longer had its corporate powers, rights and privileges to CUP 12-11-0007 or the Lease. WRSP's gun range business on CITY's *Premises* must cease, and CITY should bar such business to continue as of June 1, 2018.

14.    On 9/22/2018, however, LIN witnessed the un-ceasing

1    gun range operation on the Premise. (Photo DSCF2662)



2
3    Photo DSCF2662 on 9/22/2018 10:02 a.m.

4    15.   On 1/26/2019, LIN witnessed the delivery of additional

5    dirt for gun range's continuing development. (Photo DSCF3327)



6
7    Photo DSCF3327 on 1/26/2019 5:08 p.m.

8    16.   The extent of WRSP's failure to pay taxes was not known

1   until 2/27/2019 when LIN received an FTB response to his *Public Rec-*

2   *ord Act* request showing its "LAST RETURN FILED 2013"(p2 Exhibit E).

3       17.    FTB's response revealed that WRSP has filed no state in-

4   come tax return for thousands of dollars membership fees it has col-

5   lected since 2014 for the last five years while illegally running the gun

6   range without a City Business License and without a Certificate of Oc-

7   cupancy (*See* Exhibit G - City's response to LIN's Public Record Act re-

8   quest #77 & #75 respectively in Exhibit F) since its opening on Novem-

9   ber 8, 2014.

10       18.    Under ¶3 of settlement *Judgment* above (p2, line 14, Ex-

11   hibit D) that *"Plaintiff does not waive his rights under California Civil*

12   *Code Section 1542"*, plaintiff LIN hereby commences the instant action

13   pursuant to *Government Claims Act* (Government Code §§ 810~998.3)

14   arising under previously unknown and unexpected event of FTB sus-

15   pension on June 1, 2018 of JOHNSONS' powers, rights and privileges

16   to be in gun range business.

17       19.    The subject FTB's suspension exposed WRSP's daring be-

18   neath-the-surface multi-year tax evasion, and enlightened LIN to find

1    a pattern of racketeering activities by piecing together other unsus-

2    pecting beneath-the-surface multi-year illegal construction and oper-

3    ation of the subject gun range.

4        20.    Defendants CITY OF PERRIS and JOHNSONS heard of

5    WRSP's suspension under RTC § 23301 from LIN's oral argument be-

6    fore Fourth District Court of Appeals in Riverside on October 3, 2018,

7    and has been fully aware of JOHNSONS' running its gun range without

8    needed license and certificate on its *Premises* since its opening on No-

9    vember 8, 2014.

10       21.    However, CITY made no effort to halt JOHNSONS' illegal

11   business on its *Premises.* From its preparation of a CEQA *Initial Study*

12   falsely declaring that subject gun range site is not in the March Air Re-

13   serve Base's and Perris Valley Airport's influence areas to evade federal

14   and state aeronautic related regulations, to its sanction for prolonged

15   illegal gun range operation on its *Premises* without needed license and

16   certificate, CITY knowingly and intentionally aided and abetted

17   JOHNSONS' illegal enterprise as defined in 18 U.S.C. §1961(4).

18       22.    JOHNSON's private gun range is situated in the critical

1  low-altitude landing and takeoff fly paths of nearby Perris Valley Air-

2  port and March Air Reserve Base that gun range's bullets could reach

3  to pose substantial hazard to public navigable air space.

4      23.   Perris Valley Airport is a public airport, and a skydiving

5  center for domestic and international jumpers to participate in many

6  major sport events. March Air Reserve Base is a base in support of na-

7  tional air defense, and Amazon's Prime Air interstate cargo delivery.

8      24.   Activities of JOHNSONS' gun range business affected the

9  interstate and foreign commerce.

10      25.   The defendant MATTHEW JOHNSON is the principal lead-

11  ing every aspect of subject gun range's development, construction and

12  operation. He is the founder of WRSP, LLC and WSRP, LLC.

13  The Enterprise

14      25.   JOHNSON and his inner circle, including his wife Mrs. Ka-

15  ren Johnson, certain members of his private gun range, other gun

16  range workers, his legal counsels being persons employed by and as-

17  sociated with the Enterprise, and others known and unknown, com-

18  prised an organized racketeering enterprise ("the Enterprise").

10   *Plaintiff's Verified Original Complaint*

26.    The Enterprise, including its leadership, membership and associates, constituted an "enterprise" as defined in Title 18, United States Code, §1961(4), that is a group of individuals associated in fact that was and is still engaged in, and the activities of which affected, interstate and foreign commerce.

27.    The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

Purposes, Methods and Means of JOHNSONS Enterprise

28.    The principal purpose of JOHNSONS Enterprise was to evade land use regulations in the construction, operation of a private outdoor shooting range, and falsely promoted it as a legitimate gun range business with proper license and certificate to deceptively lure the public to join, thus to unjustly collect thousands of dollars of membership fees that perpetually sustains and expands the Enterprise for activities that affected the interstate and foreign commerce.

29.    By promoting a private gun range that was illegally built without complying with State, Federal and local land use regulations

1    as one with the required permit, license and a Certificate of Occu-

2    pancy, JOHNSON Enterprise and co-defendant CITY reap illegal finan-

3    cial benefits.

4         30.    JOHNSON Enterprise operates mostly within the Central

5    District of California.

6         31.    Among the means and methods by which defendants

7    JOHNSONS and their associates participated in the conduct of the af-

8    fairs of the Enterprise were the following:

9         (a) Promoting, enhancing and protecting the Enterprise by post-

10   ing the favorable comments of its gun range users on its facebook web

11   pages without disclosing the material facts that subject gun range had

12   been illegally built and operated without required permits, license and

13   certificate; committing, attempting and conspiring to commit crimes,

14   including but not limited to fraud by claiming the market value of

15   LIN's 10 acres property at $120,000, threat to "take over" LIN's adjoin-

16   ing 10 acres property, and tax evasion;

17        (b) Protecting and attempting to protect JOHNSONS, and the En-

18   terprise by, among other things, gaining political influence through

1    placing ads on its facebook.com/PerrisRange web pages in support of

2    certain candidates' campaign for election or re-election, host-

3    ing/sponsoring events for the benefits of (1) law enforcement agen-

4    cies, such as Riverside County Sheriffs which has direct authority to

5    investigate wrong doing or enforce the law over gun range operation,

6    (2) churches, and (3) political parties, and evading federal and state

7    aeronautic regulations by failure to file required *Notice* and to seek

8    State permit prior to its construction;

9       (c) Using abusive litigation tactics and misrepresentations to se-

10   cure a $5,760 sanction award even when LIN has timely e-served his

11   fourth motion to file SAC two calendar days on Columbus Day Monday

12   October 10, 2016 before the required filing date and its hearing has

13   been continued from November 3, to November 17, 2016.

14      (d) Using abusive litigation tactics and misrepresentations to

15   prevent from filing new causes of action pertaining to JOHNSONS' tax

16   evasion, failure to file *Notice* to FAA, failure to secure a permit from

17   State aeronautic agency, running gun range without a CITY business

18   license and a Certificate of Occupancy, and other illegal construction

1    and operation of the subject gun range by the Enterprise.

2         (e) Continuing the gun range business on the *Premises* after Cal-

3    ifornia Franchise Tax Board had suspended on June 1, 2018 WRSP,

4    LLC's corporate powers, rights and privileges to the Conditional Use

5    Permit and the *Ground Lease Agreement* to operate the subject gun

6    range for WRSP, LLC's failure to file state income tax return on thou-

7    sands of dollars fees collected from its members and other illegal non-

8    membership activities on the *Premises* from event sponsorships,

9    third-party firearm trainings and many trap shooters since 2014.

10        (f) Doubling the size of original proposed pistol range and adding

11   a new one between the pistol and rifle ranges.

12        (g) Failing to report gun range's income to the State on thou-

13   sands of dollars fees collected from its members and other illegal non-

14   membership activities on the *Premises* from ad placement, event spon-

15   sorships, third-party firearm trainings and many trap shooters since

16   2014. Upon discovery, LIN should be able to show the Court whether

17   the said income has been reported in JOHNSON's or his wife Mrs. Ka-

18   ren Johnson's federal tax returns.

1    (h) Failing to pay property tax on JOHNSONS' lease hold inter-

2    ests in the non-taxable public land, the *Premises.*

3    (i) Threatening to "take over" LIN's subject 10-acre property by

4    defendant MATTHEW JOHNSON, and to call Riverside County Sheriff

5    to have LIN arrested for the alleged trespass over his neighbor Ed Rob-

6    erts' land to the south by a pistol range user in plain cloth with a pistol

7    on his waist band and claiming to be the Riverside County Sheriff

8    when LIN has permission to walk over Mr. Roberts' land and was on

9    Roberts' 20' road easement (Grant Deed Book 1723, page 16 on

10   4/13/1955) along the Bellamo Lane and 50'-wide dedication on June

11   28, 1972 (Record # 1972-85325) to W. Ellis Avenue.

12                    <u>The Defendants and Their Co-Conspirators</u>

13   32.    The defendant MATTHEW JOHNSON founded defendants

14   WRSP, LLC, and WSRP, LLC, and has been their leaders.

15   33.    Defendant WRSP, LLC is a member of the Enterprise.

16   34.    Defendant WSRP, LLC is a member of the Enterprise.

17   35.    Defendant CITY OF PERRIS is a party associated with and

18   a party aiding and abetting the Enterprise since November 2012:

1        (a) in granting a CUP 12-11-0007 with fraudulent *Mitigated Neg-*

2    *ative Declaration* to aid JOHNSON Enterprise to evade federal and state

3    aeronautic regulations for the construction of a gun range in the air-

4    port influence areas with-out compliance with such regulations,

5        (b) in issuing a permit for the construction of a 30'-wide covered

6    structure for pistol range in the middle of a 44'-wide Bellamo Lane

7    dedication,

8        (c) in allowing JOHNSONS to erect a chain-link fence on LIN's

9    10-acre property line fronting Bellamo Lane for approximately 659'

10   and a yellow steel gate across the said public street blocking LIN's dec-

11   ades-old access to his property,

12       (d) knowingly allowed gun range to operate on its *Premises* with-

13   out CITY business license and a Certificate of Occupancy,

14       (e) issuing an interstate communication with intent to extort

15   LIN for $78,650 unless LIN withdrew his lawsuit (RIC1411077) not

16   only against the CITY, but its cross-defendants MATTHEW JOHNSON

17   and WRSP, LLC to whom CITY seeks recovery of the same cost of de-

18   fending LIN's lawsuit under indemnity clause in the CUP & the Lease.

36.   The JOHNSONS defendants also acted in concert with other co-conspirators, such as some current and former Riverside County Sheriffs who illegally host their firearm trainings in the sub-ject private membership-only gun range, both known and unknown, who were members and associates of the Enterprise.

## II. PARTIES

### A. Plaintiff

37.   S. EMANUEL LIN is a citizen of Texas who bought the sub-ject 10-acre property (APN 326-250-011) in 1979 equipped with 2" water meter. It is situated about 1.5 miles from Metro Light Rail Sta-tion in downtown Perris.

### B. Defendants

38.   CITY OF PERRIS is a municipal corporation located in County of Riverside, California and a Lessor of a parcel of ~ 36.38 acres of land, "the Premises" (APN 313-180-013), to Lessee WSRP, LLC.

39.   MATTHEW JOHSNON was granted a CUP on February 20, 2013 to develop and operate the subject private outdoor gun range.

40.   WRSP, LLC was a California limited liability company reg-

1    istered by MATTHEW JOHNSON with Secretary of State of California

2    on 12/17/2012 for the development, construction and operation of

3    subject outdoor shooting range. However, California Franchise Tax

4    Board (FTB) suspended WRSP, LLC's "corporate powers, rights and

5    privileges" to run a gun range business under California Revenue and

6    Taxation Code § 23301 as of June 1, 2018 for failure to file state income

7    tax return since 2014. (Exhibit E)

8        41.    WSRP, LLC was the Lessee who entered into the subject

9    *Ground Lease Agreement* ("the Lease") through "Its: Manager" MAT-

10    THEW JOHNSON with Lessor CITY OF PERRIS on November 7, 2013.

11        42.    DOES 1 ~ 10 are unknown persons or entities who may

12    have some interest in the leased land or involvement in the design,

13    construction, finance and operation of subject proposed outdoor gun

14    range. Plaintiff Lin reserves the right to amend this *Complaint* to in-

15    clude any and all other corporations, business entities, or persons af-

16    filiated in any way with Defendants which are or may be responsible

17    for or involved with the wrongful conduct alleged herein.

18
19                  III. JURISDICTION AND VENUE

43.   This Court has original jurisdiction under 28 U.S.C. § 1332 *Diversity of Citizenship* over instant civil action where the matter in controversy exceeds $75,000 on a high-value 10-acre property with water, power, and Highest Density Residential (or R7) zoning, and is between citizens of different States where LIN has been a citizen of Texas since 1984, and all defendants are citizens of California.

44.   This Court has subject matter jurisdiction over LIN's claims under 28 U.S.C. § 1331 *Federal questions*, 18 U.S.C. § 1964 *Civil Remedies* and § 1965 *Venue & Process.*

45.   This Court also has supplemental jurisdiction over LIN's common law claims pursuant to 28 U.S.C. §1367 *Supplemental juris-diction.*

46.   Venue in the Central District of California is appropriate under 28 U.S.C. §1391(b) because it is the district in which a substantial part of the actions giving rise to the claims occurred, and it is the district in which the subject gun range and LIN's adjoining property are situated.

COUNT ONE – Illegal gun range busi-
ness on the *Premises* upon FTB's sus-
pension since June 1, 2018.

(Against all defendants)

47.    At the time of mandatory settlement conference on Janu-

ary 13, 2017 that resulted in the entry of final *Judgment* on 5/12/2017,

no one knew that FTB would suspend on June 1, 2018 WRSP's corpo-

rate powers, rights and privileges to the Conditional Use Permit & the

*Ground Lease Agreement* to run a gun range business on the *Premises*.

48.    Therefore, the claim mentioned in California Civil Code §

1542 and the provision at ¶3 of final *Judgment* refers to an exist-

ing right in favor of the creditor LIN as of 1/13/2017, and not to rights

which have not yet accrued thereafter.

49.    "Claim" in its primary meaning, is used to indicate the as-

sertion of an *existing right.* LIN's claim that defendants Lessee gun

range developers JOHNSON<u>S</u> and defendant Lessor CITY must stop

the operation and the development of the subject gun range on CITY's

*Premises* upon FTB's suspension of the corporate rights of WRSP, LLC

and its affiliated entity WSRP, LLC to transact business under ficti-

tious business name did not exist on January 13, 2017 when such sus-

1    pension was not expected and was still unknown.

2         50.    Due to proprietary nature of individual income tax return,

3    LIN did not know nor suspect that WRSP would have refused to file tax

4    return on thousands of dollars of membership fees collected and other

5    illegal non-member use fees paid for the previous five years that re-

6    sulted in its suspension by FTB.

7         51.    However, JOHNSON<u>S</u>' gun range business continues on

8    the *Premise* since its FTB suspension on June 1, 2018, and Lessee CITY

9    OF PERRIS made no effort to stop it.

10        52.    New gun range operation and development on the *Prem-*

11   *ises* since June 1, 2018 are further prohibited under the law as follows:

12       • A 30'-wide covered structure was built in the middle of

13         44'-wide Bellamo Lane dedication (*See* Google Aerial

14         Photo above) in violation of *Final Conditions of Approval*

15         ¶ 25. (p4, Exhibit __)

16       • A CUP and the Lease for private gun range development

17         prohibits third-party non-member firearm training on

18         the *Premises*.

DSCF2667 on 9/22/2019 at 10:15 a.m.

- No one may use the subject gun range without first filing a *Notice* to FAA for a determination for the propriety of such gun range in airport influence areas and a permit from State aeronautic regulatory agency.

- No CITY permits were issued for the construction of pistol and rifle ranges. The shooting range shown with nests and situated between the pistol and rifle range in Google aerial photo was not proposed in the original CUP application, nor was a permit issued for its construction.

- Pistol and rifle ranges failed to comply with setback ordinances.

- A new gun range business since June 1, 2018 is prohibited without CITY business license and a Certificate of Occupancy.

- Subject CUP 12-11-0007 has "become null and void and of no effect whatsoever" on February 20, 2016 (¶5, *Final Conditions of Approval*, page 1, Exhibit A) to allow further development with the delivery of new dirt to the gun range on 9/22/2018 (*See* Photo DSCF3327) and any new construction to cure existing land use violations.

53.   Plaintiff seeks recovery for economic damages on diminution in value of his 10-acre property against all defendants jointly and severally in the amount of $250,000 for causing new gun range business to be conducted on the adjoining *Premises* upon FTB's suspension of WRSP, LLC's corporate powers, rights, and privileges to the subject expired CUP and subsequent voided *Ground Lease Agreement*.

COUNT TWO – Transmission of Inter-
state Communication with Intent to
Extort and in Aiding JOHNSONS Rack-
eteering Enterprise (18 U.S.C. § 875(d),
18 USC §1343, CA Penal Code § 523(a))

(Against CITY OF PERRIS)

54.   On the eve of mandatory settlement conference for RIC1411077 on January 13, 2017, defendant CITY OF PERRIS trans-mitted through its legal counsel in interstate commerce a writing (Ex-hibit C) that threatened to cause LIN to endure a $78,650 loss that CITY claimed to be the cost in defending LIN's lawsuit unless LIN ten-ders a thing of value by withdrawing the entire RIC1411077 not only against defendant CITY, but also CITY's cross-defendants Mr. Matthew Johnson and WRSP, LLC for their failure to comply with the indemnity agreement under the subject CUP and the Lease.

55.   The writing (Exhibit C) styled as a motion pursuant to CCP § 128.5 that could be submitted, but was not submitted to a judge at the time of transmission for the purpose of forcing LIN to withdraw the entire action not only against the CITY, but its cross-defendants MATTHEW JOHNSON and WRSP, LLC in the mandatory settlement conference the following morning if LIN wanted to avoid the threat of

1    financial ruin presented therein.

2         56.   CITY's writing on 1/12/2017 (Exhibit C) expressed, im-

3    plied and /or was adapted to imply a threat to extort and to induce fear

4    for extreme financial loss upon LIN, a then 68-year-old senior citizen,

5    to injure his tangible and intangible benefits and constitutional right

6    to petition the government for redress of grievance for the injuries in-

7    flicted on LIN's 10 acres property, which benefit and right qualify as

8    personal property under California Penal Code § 7(12).

9         57.   CITY has started very early on in misusing its special skills

10   and position of trust as a city government to undermine LIN's position

11   as a rightful *pro se* litigant before the court.

12        58.   On December 19, 2014, CITY stated in its *Demurrer* (page

13   9, lines 3-12) to Lin's original complaint:

14        "Litigants proceeding in pro per are held to the same
15        standard of conduct in litigation as any other party. See
16        *Midwife v. Bernal* (1988) 203 Cal.App.3d 57, 65; see also
17        *Leslie v. Board of Quality Assurance* (1991) 234 Cal.App.3d
18        117, 121 [self-represented parties are held to the "same re-
19        strictive procedural rules as an attorney."]. "Procedural
20        law cannot cast a sympathetic eye on the unprepared [pro
21        per plaintiff], or it will soon fragment into a kaleidoscope
22        of shifting rules. *Rappleyea v. Campbell* (1994) 8 Cal.4th
23        975, 979. As the California Supreme Court made clear, "the

rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. . . . A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." *Id.* at 985."

59.  Identical or similar statements were pleaded on:

- April 30, 2015 in City's *Demurrer* (page 5, lines 9-11) to Lin's first-amended complaint,

- September 20, 2016 in its *Opposition* (page 5, lines 15-25) to Lin's third *Motion for Leave to File Verified Second Amended Complaint*,

- October 21, 2016, in its *Opposition* (page 6, lines 1-25) to Lin's fourth *Motion for Leave to File Verified Second Amended Complaint*,

- November 4, 2016, in its Motion (page 5, lines 25-27) for $9,030 sanction against Lin for the filing of his fourth *Motion for Leave to File Verified Second Amended Complaint*,

- January 6, 2017, in its *Reply* (page 2, lines 12-16) to Lin's opposition to City's Motion for $9,030 sanction against Lin for the filing of his fourth *Motion for Leave to File Verified Second Amended Complaint*.

60.  LIN had timely e-served his fourth motion for leave to file second amended complaint ("SAC2") on Columbus Day Monday October 10, 2016, two calendar days before the required filing date for November 3, 2016 hearing.

61.  On 10/25/2016, the trial court continued the said hearing from 11/3/2016 to 11/17/2016 to make LIN's fourth motion to file SAC2 even more "timely".

62.  On 11/4/2016 when the trial court had continued the hearing for LIN's SAC2 motion to 11/17/2016, CITY filed a motion for $9,030 sanction alleging LIN had failed to timely file and serve the subject fourth SAC2 motion.

63.  Clearly, CITY's repeated urgings to the court to hold self-represented LIN to the same restrictive procedural rules as an attorney were made to undermine LIN's reputation and credibility as such litigant when LIN had adhered to procedural rules & prior court order.

64.  CITY's scheme to damage LIN's reputation and credibility prevailed as evidence by the transcript for the hearing in granting CITY's motion for $9,030 sanction in the amount of $3,025 for Lin's alleged violations of "CRC 2.251, 3.1113 and 3.1300" in filing his 3rd and 4th motions to file SAC2:

**Hearing on January 13, 2017**

    THE COURT: ... and I explained to you that although you represent yourself, you are still held to the same standard as an attorney. Whether or not you know the law

1    exists and you are not able to follow it because you don't
2    know of it is simply not a reason I can use to justify a self-
3    represented litigant from not following the law and the
4    statute.
5            That's the whole reason -- it's very complicated, the
6    statutes, the discovery statutes and such and so as I stated
7    this morning to another self-represented litigant, attor-
8    neys go to school for a number of years to be in a position
9    to navigate the law. I can't hold you to a different standard
10   because you represent yourself. You are still required to
11   follow the law. [Highlight Added]

12   65.    The repeated pleadings to undermine LIN's reputation and

13   credibility as a pro se litigant had been part of CITY's extortion scheme

14   to leave LIN no choice but to succumb to CITY's extortion.

15   66.    CITY had no legal right in its 1/12/2017 writing (Exhibit C

16   ) to extort the recovery of its cost in defending LIN's RIC1411077 suit

17   under CCP §128.5 and/or §128.7, nor did such right existed when CITY

18   had and still has a pending cross-complaint against cross-defendants

19   MATTHEW JOHNSON and WRSP, LLC for the recovery of the same

20   costs in defending LIN's lawsuit under the Indemnity Clause in the

21   Conditional Use Permit and the *Ground Lease Agreement.*

22   67.    CITY's writing (Exhibit C) which could be submitted, but

23   was not submitted to a judge, was a mere sham to cover what was ac-

24   tually nothing more than an attempt to extort LIN to surrender his

1    rights to expose the wrong doings of its Lessee that LIN recently found

2    upon the accidental discovery of WRSP's FTB suspension to be a crim-

3    inal racketeering enterprise.

4         68.    CITY's writing transmitted over the interstate commerce

5    on January 12, 2017 (Exhibit C) was a scheme devised to defraud and

6    for obtaining money from LIN by means of false or fraudulent pre-

7    tenses and representations under 18 U.S.C. §1343 and in an attempt to

8    aid JOHNSONS' criminal racketeering enterprise. It is not protected

9    from suit.

**COUNT THREE** – Conspiracy to Aid
JOHNSONS to Commit Tax Evasion.
(26 U.S.C. §7201 - *Attempt to evade or
defeat tax*)

(Against CITY OF PERRIS)

15        69.    *Government Code* §65863.5 providing as follows:

**_Government Code_ §65863.5**

"Whenever the zoning covering a property is
changed from one zone to another or a zoning vari-
ance or conditional use permit is granted with re-
spect to any property, the governing body of the
city or county shall, within 30 days, notify the
county assessor of such action."

23        70.    Under *California Constitution* and the *Revenue and Taxa-*

1    *tion Code*, Riverside County Assessor has a duty to re-assess "any prop-

2    erty" in accordance with the law upon the receipt of subject *Notice*

3    upon granting CUP 12-11-0007 for the *Premises* (APN 313-180-013)

4    on 2/20/2013.

5         71.   Through a *Ground Lease Agreement* (Exhibit B) effective

6    November 7, 2013, defendant Lessor CITY OF PERRIS disposed of itself

7    of the *Premises* and granted the Lessee defendant WSRP the right to

8    enter and possess the designated premises in subordination to the Les-

9    sor CITY OF PERRIS' title, for a fixed consideration and period of time.

10        72.   Since the subject *Ground Lease Agreement* granted a private

11    party defendant WSRP the exclusive use of a non-taxable public land

12    (the *Premises*) for the development of a membership-only private out-

13    door shooting and archery range, a taxable possessory interest was

14    created. (See *Revenue and Taxation Code* §§61, 107-107.9, 480.6 and

15    property tax rules 20-28 of County of Riverside, CA)

16        73.   Defendant Lessee WSRP's private possessory interest in

17    nontaxable publicly owned *Premises* became taxable effective Novem-

18    ber 7, 2013. However, in the absence of a *Notice* under *Government*

1  *Code* §65863.5, a preliminary change in ownership report or change in

2  ownership statement under *Revenue and Taxation Code* §480.6, River-

3  side County Assessor has not been able to impose tax liability upon

4  JOHNSONS.

5       74.    The fee owner defendant CITY OF PERRIS conspired to aid

6  JOHNSONS' tax evasion.

7               COUNT FOUR – Conspiracy to Commit
8               Tax Evasion. (26 U.S.C. §7201 - *Attempt*
9               *to evade or defeat tax*)

10              (Against JOHNSON, WRSP, WSRP)

11       75.    Through a *Ground Lease Agreement* (Exhibit B) effective

12  November 7, 2013, defendant Lessor CITY OF PERRIS disposed of itself

13  of the *Premises* and granted the Lessee defendant WSRP the right to

14  enter and possess the designated premises in subordination to the Les-

15  sor CITY OF PERRIS' title, for a fixed consideration and period of time.

16       76.    Since the subject *Ground Lease Agreement* granted a private

17  party defendant WSRP the exclusive use of a non-taxable public land

18  (the *Premises*) for the development of a membership-only private out-

19  door shooting and archery range, a taxable possessory interest was

20  created. (See *Revenue and Taxation Code* §§61, 107-107.9, 480.6 and

property tax rules 20-28 of County of Riverside, CA)

77. Defendant Lessee WSRP's private possessory interest in nontaxable publicly owned *Premises* became taxable effective 11/7/ 2013.

78. Through the filing of Plaintiff's *Supplement* to his second motion to file SAC2 on April 5, 2016, defendants JOHNSON and WRSP, LLC were made known of their tax liability in WSRP, LLC's leasehold interest in the *Premises*.

79. Due to propriety nature of one's tax filing status, LIN has no knowledge on whether JOHNSONS have fulfilled such liability.

80. Subject to the discovery that proves otherwise, however, from FTB's suspension of WRSP for its failure to file returns for the past five years, LIN has a reason to believe JOHNSONS have made no effort to meet such liability in violation of 26 U.S.C. §7201 - *Attempt to evade or defeat tax.*

COUNT FIVE – Tax Evasion. (26 U.S.C.
§7203 - *Willful failure to file return,
supply information, or pay tax*)

(Against JOHNSON, WRSP, WSRP)

81. WRSP, LLC has failed since 2014 to file state tax return (Exhibit E) for thousands of dollars of fees it had collected from its members, and from other illegal non-member uses of the *Premises*, such as third party firearm trainings and many trap shooters.

82. With FTB's suspension of its certificate after reasonable length of due process communications, defendant WRSP, LLC has willfully failed to file return, supply information, or pay tax in violations of 26 U.S.C. §7203 and applicable state statutes.

83. Unless proven otherwise in the coming discovery, LIN has reason to believe from WRSP, LLC's failure to file a state tax returns for the past five years that it has also failed to report the income from gun range business to IRS for some unknown period of time.

COUNT SIX – Wire Fraud. (18 U.S.C.
§1343 – *Fraud by wire, radio, or television*)

(Against JOHNSON, WRSP, WSRP)

84. The staff report dated February 20, 2013 in support of the proposed gun range stated on page 3:

**Staff Report**

The existing bathroom facility and covered area for the rifle range do not conform to the setback regulation. ... the

1      setbacks will be consistent with the OS zone of the Perris
2      Municipal Code. ...

3          85.    The covered area for the rifle range in the Staff Report was

4      the extension of the same for the pistol range. To meet the setbacks

5      requirement and ¶25 of *Final Conditions of Approval* (p 4, Exhibit A) to

6      prohibit the said covered structure to be built in the 44'-wide Bellamo

7      Lane dedication, JOHNSON's new pistol range would be shortened

8      from 150' to about 106'.

9          86.    Refusing to shorten the pistol range, JOHNSON built the

10     covered structure on the same footprint of the covered area that Staff

11     Report already pointed out its noncompliance with the setbacks ordi-

12     nance.

13         87.    On its facebook.com/PerrisRange, JOHNSON boasted a 50-

14     yard 27-bays pistol range with a nice covered structure at its opening

15     on November 8, 2014, but failed to disclose to the public that the

16     seemly nice covered structure was illegally built, and he had illegally

17     doubled the size of the pistol range to 27 bays.

18         88.    Subject gun range's facebook webpages are moderated by

19     JOHNSON. They are full of praises on how nice it was built and how

1    nice, friendly and helpful "the couple", i.e. Mr. and Mrs. Johnson, are.

2        89.   JOHNSON even shoots a drone video around March 2016

3    to show the world on YouTube (https://www.youtube.com/watch?v

4    =W6yXI0PdYYM) the accomplishment of the subject gun range.

5        90.   But they never disclosed thereon that JOHNSON has failed

6    to file any state tax return for thousands of dollars of membership fees

7    he had collected from them since 2014. The upcoming discovery may

8    show these membership fees are not reported in the IRS.

9        91.   They never disclosed that the subject gun range has been

10   running without CITY business license, and the Premises has yet to be

11   issued a Certificate of Occupancy since its opening on 11/8/2014.

12       92.   They never disclosed that CITY had prepared a CEQA *Ini-*

13   *tial Study* falsely declaring that subject gun range is not in the March

14   Air Reserve Base's and Perris Valley Airport's influence areas to get the

15   subject gun range built without notifying FAA for a determination on

16   whether it would pose of a hazard to public navigable air space.

17       93.   They never disclosed a very nice and friendly person like

18   Mr. Johnson had closed off the Bellamo Lane blocking its neighbor's

1    access to his property for four years.

2         94.   They never disclosed to the public that the 50-yard pistol

3    range was so dangerous that bullets often fly over the backstop even

4    with plywood erected on top until about 2 years later that JOHNSON

5    was forced to shorten the pistol range to 25 yards.

6         95.   JOHNSON could have achieved the same result by con-

7    structing the covered structure outside of the Bellamo Lane dedication

8    in accordance with the *Final Conditions of Approval*.

9         96.   What the facebook webpages promote under JOHNSON's

10   moderation has been using the Second Amendment gun rights activ-

11   ism and conservative Christianity to cultivate a cult following around

12   him to advance his criminal racketeering enterprise.

13
14              COUNT SEVEN – Racketeering Conspiracy

15        98.   In or about since November 2012, within the Central Dis-

16   trict of California and elsewhere, the defendants MATTHEW JOHNON

17   , WRSP LLC, WSRP LLC, and CITY OF PERRIS, together with their legal

18   counsels and others, being persons employed by and associated with

19   the Enterprise, an enterprise that engaged in, and the activities of

1    which affected, interstate and foreign commerce, did knowingly and

2    intentionally conspire:

- to violate 18 U.S.C. §1962(a), that is, to receive any in-

  come derived, directly or indirectly, from a pattern of

  racketeering activity to use or invest, directly or indi-

  rectly, any part of such income, or the proceeds to such

  income, in the establishment and operation of any en-

  terprise which is engaged in, or the activities of which

  affect, interstate or foreign commerce, and

- to violate 18 U.S.C. §1962(c) to conduct and participate,

  directly and indirectly, in the conduct of the affairs of

  such enterprise through a pattern of racketeering activ-

  ity, as that terms is defined in Title 18 U.S.C. § 875(d),

  18 USC §1343, CA Penal Code § 523(a), 26 U.S.C. §7201 -

  *Attempt to evade or defeat tax*, 26 U.S.C. §7203 - *Willful*

  *failure to file return, supply information, or pay tax.*

99.    The pattern of racketeering activity through which the de-

fendants MATTHEW JOHNSON, WRSP, LLC, WSRP, LLC and CITY OF

1   PERRIS, together with their legal counsels, agreed to conduct and par-

2   ticipate, directly and indirectly, in the conduct of the affairs of the En-

3   terprise consisted of multiple acts indictable under:

4          (a) 26 U.S.C. §7201 - *Attempt to evade or defeat tax,*

5          (b) 26 U.S.C. §7203 *Willful failure to file return, supply in-*

6              *formation, or pay tax,*

7          (c) 18 USC §1343 *Fraud by wire, radio, or television*

8          (d) 18 U.S.C. § 875(d) *Interstate communication with intent*

9              *to extort*, and CA Penal Code § 523(a).

10   100.  Act involving extortion, in violation of California Penal

11   Code Section 523(a), wire fraud, and tax evasion were part of the con-

12   spiracy that each defendant agreed that a conspirator would commit

13   at least two acts of racketeering in the conduct of the affairs of the En-

14   terprise.

15   COUNT EIGHT – Racketeering
16

17   101.  In or about since November 2012, within the Central Dis-

18   trict of California and elsewhere, the defendants MATTHEW JOHNON

19   , WRSP LLC, WSRP LLC, and CITY OF PERRIS, together with their legal

counsels and others, being persons employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally:

- violate 18 U.S.C. §1962(a), that is, to receive any income derived, directly or indirectly, from a pattern of racketeering activity to use or invest, directly or indirectly, any part of such income, or the proceeds to such income, in the establishment and operation of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce, and

- violate 18 U.S.C. §1962(c) to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity, as that terms is defined in Title 18 U.S.C. § 875(d), 18 USC §1343, CA Penal Code § 523(a), 26 U.S.C. §7201 - *Attempt to evade or defeat tax*, 26 U.S.C. §7203 - *Willful failure to file return, supply information, or pay tax.*

102.   The pattern of racketeering activity through which the defendants MATTHEW JOHNSON, WRSP, LLC, WSRP, LLC and CITY OF PERRIS, together with their legal counsels, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of multiple acts indictable under:

      (a) 26 U.S.C. §7201 - *Attempt to evade or defeat tax,*

      (b) 26 U.S.C. §7203 *Willful failure to file return, supply information, or pay tax,*

      (c) 18 USC §1343 *Fraud by wire, radio, or television*

      (d) 18 U.S.C. § 875(d) *Interstate communication with intent to extort*, and CA Penal Code § 523(a).

103.   Act involving extortion, in violation of California Penal Code Section 523(a), wire fraud, and tax evasion were part of racketeering activities that each defendant agreed to commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

## COUNT NINE –Injunction Pursuant to 18 U.S.C. §1964(a).

(Against all defendants)

104.   **18 U.S.C. §1964**

      (a) The district courts of the United States shall have

1  jurisdiction to prevent and restrain violations
2  of section 1962 of this chapter by issuing appro-
3  priate orders, including, but not limited to: or-
4  dering any person to divest himself of any inter-
5  est, direct or indirect, in any enterprise; imposing
6  reasonable restrictions on the future activities or
7  investments of any person, including, but not
8  limited to, prohibiting any person from engaging
9  in the same type of endeavor as the enterprise en-
10  gaged in, the activities of which affect interstate
11  or foreign commerce; or ordering dissolution or
12  reorganization of any enterprise, making due
13  provision for the rights of innocent persons.

14  105.  Defendant CITY OF PERRS has knowingly and intention-

15  ally aided and abetted JOHNSONS' racketeering enterprise by:

16  • adopting a fraudulent *Mitigate Negative Declaration* to

17  allow JOHNSONS to evade federal and state aeronautic

18  related regulations by falsely declaring that the subject

19  gun range is not in the airport influence areas,

20  • issuing a permit for JOHNSONS to construct a 30'-wide

21  covered structure for pistol range in the middle of 44'-

22  wide Bellamo Lane dedication,

23  • Failure to file a *Notice* under *Government Code* § 65863.5

24  for the Riverside County Assessor to impose tax liability

1    upon JOHNSON<u>S</u>' taxable possessory leasehold interest

2    in the *Premises*.

3    106.  Defendants JOHNSON<u>S</u> have knowingly and intentionally

4    committed following racketeering activities for the purpose of ad-

5    vancing racketeering enterprise's gun range business by:

- Failing to file state/possibly federal income tax returns
  since 2014 for thousands of dollars of membership fees
  collected from their gun range business,

- Constructing a 30'-wide covered structure for their pis-
  tol range in the middle of 44'-wide Bellamo Lane dedi-
  cation for the purpose of advancing racketeering enter-
  prise's gun range business,

- Blocking LIN's access to his property by constructing a
  659'-long chain-link fence on his property line and a
  yellow steel gate across the said public street,

- Failing to submit to FAA a *Notice* pursuant to §77.7 of
  Title 14 of Code of Federal Regulations prior to the con-
  struction of subject gun range.

1       • Running the subject gun range without a CITY business

2           license and without a Certificate of Occupancy since

3           November 8, 2014.

4       107.  As the subject gun range has been built and operated ille-

5    gally, its Conditional Use Permit had expired on 2/20/2015 to cure any

6    land use violations, and California Franchise Tax Board has suspended

7    WRSP, LLC's corporate powers, rights, and benefits to operate a gun

8    range as of June 1, 2018, Plaintiff prays the Court issue a permanent

9    injunction to prohibit CITY and JOHNSONS to have any further activi-

10   ities on the *Premises* that have affected the interstate and foreign com-

11   merce.

12      Plaintiff LIN hereby demands a trial by jury.

13
14                          PRAYER
         ─────────

15      107.  Plaintiff seeks recovery for economic damages on diminu-

16   tion in value of his 10-acre property against all defendants jointly and

17   severally in the amount of $250,000 with interests for causing new

18   gun range business to be conducted on the adjoining *Premises* upon

19   FTB's suspension of WRSP, LLC's corporate powers, rights, and privy-

1  leges to the subject expired CUP and subsequent voided *Ground Lease*

2  *Agreement*.

3      108.  Plaintiff S. EMANUEL LIN is injured in his property by

4  reason of defendants JOHNSON's, WRSP's, WSRP's and defend-

5  ant CITY OF PERRIS' violations of 18 U.S.C. §1962 *Prohibited ac-*

6  *tivities*. Plaintiff LIN prays to recover threefold the damages he

7  sustains and the cost of the suit, including a reasonable attor-

8  ney's fee under 18 U.S.C. §1964(c).

9      109.  Plaintiff S. EMANUEL LIN further prays the Court or-

10  der defendants CITY OF PERRIS, MATTHEW JOHNSON, WRSP

11  LLC and WSRP LLC to permanently cease the subject gun range

12  business on the *Premises* under 18 U.S.C. §1964(a), and remove

13  the 30'-wide covered structure for pistol range and a bathroom

14  that have been illegally built in the middle of 44'-wide Bellamo

15  Lane dedication and is blocking LIN's access to W. Ellis Avenue.

16

17  Date: Friday May 24, 2019                      S. Emanuel Lin

18                               3527 Woodvalley Dr. Houston, TX 77025

19                               (713) 858-2462; LinEmanuel@gmail.com

# EXHIBIT A

## 2013-02-20  Final Conditions of Approval, CUP
## 12-11-0007 Johnson Gun Range

EXHIBIT A

# FINAL

## CITY OF PERRIS
## DEPARTMENT SERVICES DEVELOPMENT
## PLANNING DIVISION

### CONDITIONS OF APPROVAL
### Approved by CPC 2/20/13

**Conditional Use Permit 12-11-0007**                     **February 20, 2013**

---

PROJECT:  **Conditional Use Permit 12-11-0007** - Proposal for a Conditional Use Permit to establish a private outdoor shooting and archery range on approximately 14 undeveloped acres in the OS-Open Space Zone. Applicant: Matthew Johnson.  (APN 313-180-013)

---

**\*MITIGATION, MONITORING AND REPORTING PROGRAM (MMRP)**
The Mitigation Monitoring and Reporting Program (MMRP) Checklist is attached to the Initial Study to reduce potential noise and traffic and emergency impacts, and shall be implemented in accordance with the MMRP. The applicant is required to meet all the mitigation measures as conditions of approval.

**General Requirements:**

1.  **Environmental Impact Report Mitigation Monitoring Program.** The project shall at all times comply with all provisions of the adopted Mitigation Monitoring and Reporting Program (MMRP) of the Mitigated Negative Declaration.

2.  **Zoning Compliance.**  The project shall conform to the Open Space (OS) Zone regulations and City of Perris Municipal Code Title 19.

3.  **Conformance to Approved Plans**. Development of the project site, building elevations, and conceptual landscaping shall conform substantially to the approved set of plans presented at the ~~January~~ February 20, 2013 Planning Commission hearing, or as amended by these conditions. Any deviation shall require appropriate Planning Division review and approval.

4.  **Subsequent Review.** No expansion of the site or the use shall occur without subsequent reviews and approvals from the Planning Division.

5.  **Approval Period.** This approval shall be used within three (3) years of approval date; otherwise it shall become null and void and of no effect whatsoever.  By use is meant the beginning of substantial construction contemplated by this approval within the three (3) year period which is thereafter diligently pursued to completion, or the beginning of substantial utilization contemplated by this approval.

6.      **Building Official/Fire Marshal.**   The proposed project shall adhere to all requirements of the Building Official/Fire Marshal.  Fire hydrants shall be located on the project site pursuant to the Building Official.  The applicant shall submit a fire access and fire underground plan prior to construction drawings.  Water, gas, sewer, electrical transformers, power vaults and separate fire/water supply lines (if applicable) must be shown on the final set of construction plans pursuant to the requirements of the Building Official.   All Conditions of Approval shall be included on building plans.  See City of Perris website, Office of the Fire Marshal, for examples and relevant information for access and underground plan available at: http://www.cityofperris.org.

7.      **ADA Compliance.** The project shall conform to all disabled access requirements in    accordance with the State of California, Title 24, and Federal Americans with Disabilities Act (ADA).

8.      **City Business License.** All tenants shall maintain compliance with all local and City ordinances, including but not limited to an annual fire inspection and maintenance of a City business license.

9.      **Indemnification.** The developer/applicant shall indemnify, protect, defend, and hold harmless, the City and any agency or instrumentality thereof, and/or any of its officers, employees and agents from any and all claims, actions, or proceedings against the City, or any agency or instrumentality thereof, or any of its officers, employees and agents, to attack, set aside, void, annul, or seek monetary damages resulting from an approval of the City, or any agency or instrumentality thereof, advisory agency, appeal board or legislative body including actions approved by the voters of the City, concerning Conditional User Permit 12-11-0007.  The City shall promptly notify the developer/applicant of any claim, action, or proceeding for which indemnification is sought and shall further cooperate fully in the defense of the action.

10.     **Edison.** The applicant shall contact the Southern California Edison (SCE) area service planner (951-928-8323) to complete the required forms prior to commencement of construction.

11.     **Waste Disposal.** The developer shall use only the City-approved waste hauler for all construction and other waste disposal.

12.     **Property Maintenance.**   The project shall comply with provisions of Perris Municipal Code 7.06 regarding Landscape Maintenance, and Chapter 7.42 regarding Property Maintenance.

13.     **Graffiti.** The site shall be maintained in a graffiti-free state at all times. Graffiti located on site shall be removed within 48 hours.

14.   **Signage.** The project does not include signage.  All signage shall be reviewed and approved by the Planning Division prior to the issuance of permits for said signage. A Sign Program application for all signage proposed on site shall be submitted for review and approval by the Planning Division.  Building permits for any and all signage shall not be permitted until approved by the Planning Division.

15.   **Construction Practices.** To reduce potential noise and air quality nuisances, the following items shall be listed as "General Notes" on the construction drawings:

    a.      Construction activity and equipment maintenance is limited to the hours between 7:00 a.m. and 7:00 p.m.  Per Zoning Ordinance, Noise Control, Section 7.34.060, it is unlawful for any persons between the hours of 7:00 p.m. of any day and 7:00 a.m. of the following day, or on a legal holiday, or on Sundays to erect, construct, demolish, excavate, alter or repair any building or structure in a manner as to create disturbing excessive or offensive noise.  Construction activity shall not exceed 80 dBA in residential zones in the City.

    b.      Stationary construction equipment that generates noise in excess of 65 dBA at the project boundaries must be shielded and located at least 100 feet from occupied residences. The equipment area with appropriate acoustic shielding shall be designated on building and grading plans.  Equipment and shielding shall remain in the designated location throughout construction activities.

    c. Construction routes are limited to City of Perris designated truck routes or otherwise approved by the Building Official.

    d.      Water trucks or sprinkler systems shall be used during clearing, grading, earth moving, excavation, transportation of cut or fill materials and construction phases to prevent dust from leaving the site and to create a crust after each day's activities cease.  At a minimum, this would include wetting down such areas in the later morning and after work is completed for the day and whenever wind exceeds 15 miles per hour.

    e.      A person or persons shall be designated to monitor the dust control program and to order increased watering as necessary to prevent transport of dust off-site. The name and telephone number of such persons shall be provided to the City.

16.   **Parking.** The site is required to provide a total of 38 standard parking spaces or more and parking is prohibited on all adjacent properties. 20 of the spaces will be installed during phase one. All required parking areas are required to be available for vehicle parking at all times.

17.   **Trash Enclosures.**  Trash enclosures shall be constructed of decorative block to match the buildings, and those within public view shall receive an overhead trellis treatment and landscape screening.

Conditional Use Permit 12-11-0007                                          Page  4
Conditions of Approval                                              February 20, 2013

Operational Conditions of Approval

18.    Patrons shall be limited to registered members only and shall not be open to the public.

19.    **Hours of Operation.** The hours of operations will be permitted from 8 a.m. to 4 p.m. during standard time and 8 a.m. to 6 p.m. during daylight savings. No night shooting allowed.

20.    **Entrance Gate.** The gate will be locked at all times. Members will have a key to access the gate, but must lock the gate once in the site.

21.    **Log books.** All members will be required to sign in to the facility's log books.

22.    **Secondary gate.** The secondary gate will be for emergency personnel only, no patrons will be allowed to access the site from Bellamo Lane.

23.    A sign for "No alcohol will be permitted" will be posted.

24.    **Complaints.** If problems result from operation of this recreational use, the Development Services Department shall set the matter for public hearing before the Planning Commission to consider revocation of the conditional use permit. Three or more sustained complaints within any 12-month period received and verified by the Perris Police Department regarding disturbances caused at the site by patrons or staff, shall automatically be grounds for revocation proceedings before the Planning Commission.

**Prior to the Issuance of Building/Grading Permits:**

25.    Prior to issuance of permits, the applicant shall be required to demonstrate to the City that all improvements and proposed fencing are located outside the road dedication along Bellamo ~~Avenue~~ Lane.

26.    **Road access.** All access roads to the site will be required to consist of an all-weather surface beginning from 11th Street at Witt Street, subject to Building and Fire Department approval.

27.    **Care takers quarters (Phase II).** The care takers quarters will be subject to administrative design review, it will be required that the structure to be placed on a permanent foundation and fully skirted.

28.    **Grading**. If more than 50 cubic yards are graded on property the applicant will need to obtain a grading permit.

29.    **Conditions of Approval.**  All Conditions of Approval shall be copied onto the approved building plans.

Conditional Use Permit 12-11-0007                                        Page   5
Conditions of Approval                                          February 20, 2013

30. **Fees.**  The developer shall pay the following fees according to the timeline noted herein:

    a.    Prior to the issuance of building permits, the applicant shall pay Stephen's Kangaroo Rat Mitigation Fees of $500.00 per acre;

    b.    Prior to the issuance of building permits, the applicant shall pay City Development Impact Fees in effect at the time of development;

    c.    Prior to the issuance of building permits, the applicant shall pay Multiple Species Habitat Conservation Plan fees in effect at that time;

    d.    Prior to issuance of building permits, the applicant will pay statutory school fees in effect at issuance of building permits to all appropriate school districts;

    e.    Prior to issuance of building permits, the applicant shall pay any outstanding liens and development processing fees owed to the City; and

    a.    Prior to issuance of Certificate of Occupancy, the developer shall pay Transportation Uniform Mitigation Fees (TUMF) in effect at the time of development.

**Prior to the Issuance of Occupancy Permits:**

31. **Final Planning Inspection.** The applicant shall obtain occupancy clearance from the Planning Division by scheduling a final Planning inspection after final sign-offs from the Building Division and Engineering Department.  Planning Staff shall verify that all pertinent conditions of approval have been met. The applicant shall have all required paving, parking, walls, site lighting, landscaping and automatic irrigation installed and in good condition.

EXHIBIT B

2013-11-07  Ground Lease Agreement between City
of Perris & WSRP, LLC, cover+p1-6+signature page

EXHIBIT B

**GROUND LEASE AGREEMENT**

**By and Between**

**THE CITY OF PERRIS**

**and**

**WSRP, LLC**

**(WITT RANCH SPORTS COMPLEX)**

149869 v4[FINAL]

## GROUND LEASE AGREEMENT

THIS GROUND LEASE AGREEMENT (the "Lease" herein) is executed this 30th day of October, 2013, by and between the CITY OF PERRIS, a municipal corporation ("Lessor"), and WSRP, LLC, a California limited liability company ("Lessee").

## RECITALS

A.     This Lease involves certain real property (the "Premises") in the City of Perris, County of Riverside, State of California, which is generally shown in the "Site Map" attached hereto as Exhibit "A" and is specifically described in the "Legal Description of Premises" attached hereto as Exhibit "B." The Premises are described as APN 313-180-013.

B.     The Lease is entered into for the purpose of developing, constructing and conducting a private outdoor shooting and archery range on approximately 14 acres consistent with Conditional Use Permit No. 12-11-0007 ("CUP"), including as it may be amended from time to time.

## LEASE PROVISIONS

In consideration of the covenants and agreements contained herein, and incorporating the foregoing recitals and all exhibits hereto, Lessor and Lessee hereby agree as follows:

**1.00   LEASE OF PREMISES.**

**1.01   Premises.**

Lessor hereby leases, transfers, and demises, and Lessee hereby leases and takes from the Lessor, the Premises for the terms and upon the agreements, covenants and conditions set forth in this Lease. Lessee agrees that it accepts the Premises "As-Is" and "Where-is" without any representations or warranties of any nature or kind whatsoever from Lessor. The Lease does not include any easements appurtenant or any other property interests to any real property outside of the boundaries of the Premises absent their express inclusion in this Lease.

**1.02   Term.**

The term of this Lease shall be for ten (10) years ("Initial Term") with two optional extensions ("Options") of five (5) years each. To exercise an Option, the Lessee shall give written notice to the Lessor at least sixty (60) days before the Lease is set to expire that the Lessee intends to exercise an Option. The Term commences on November 1, 2013 ("Commencement Date"). The Commencement Date shall not be earlier than the Effective Date.

**1.03   Quiet Possession.**

Lessor covenants and agrees with Lessee that Lessee may occupy and enjoy the Premises for the full Lease Term, subject to the provisions of this Lease.

149869 v4[FINAL]                                                                 -1-

**1.04    Rent.**

The monthly rent for the Premises shall be $100. Any fees, charges, fines, taxes, assessments, or other monetary sums which Lessee is required to pay Lessor under this Lease may be treated as additional rent and subject to the restrictions and remedies provided in this Lease or otherwise provided by law. The term "rent" as used in this Lease shall be deemed to include all such monetary sums, which may be due under this Lease.

**1.05    Payment.**

Rent shall be payable in advance in lawful currency of the United States on the Payment Date which shall be on or before the first working day of the first month following the Effective Date and the first working day of every month thereafter during the Lease Term. Rent shall be paid at the address designated for notices or such other place as may be designated in writing by Lessor, without prior demand therefor, and without any deduction or offset whatsoever. If Lessee defaults in its obligation to timely pay rent hereunder, Lessor shall have the right to thereafter require Lessee to pay all rent and other sums payable under this Lease in cash or by cashier's check.

**1.06    Accord and Satisfaction.**

No payment by Lessee or receipt by Lessor of a lesser amount than the monthly rent herein stipulated shall be deemed to be other than on account of the earliest stipulated rent, nor shall any endorsement or statement of any check or any letter accompanying any check or payment be deemed an accord and satisfaction, and Lessor may accept such check or payment without prejudice to Lessor's right to recover the balance of such rent or pursue any other remedy in this Lease provided.

**1.07    Taxes.**

(a)    The Lessee shall pay all real and personal property taxes and assessments assessed against the Premises as hereinafter provided. The obligation of Lessee hereunder shall include all taxes, assessments, levies and other governmental charges of every description, whether general, special, ordinary, extraordinary or otherwise (individually "imposition" and collectively "impositions") levied on or against the Premises, personal property, located on or in the Premises or any improvement thereto, the leasehold estate, or any subleasehold estate, to the full extent of installments falling due during the term, whether belonging to or chargeable against Lessor or Lessee. Lessee shall make all payments directly to the charging authority at least ten (10) days prior to delinquency. If, however, the law expressly permits the payment of any or all of the above items in installments (whether or not interest accrues on the unpaid balance), Lessee may, at its election, utilize the permitted installment method, but shall pay each installment prior to delinquency. Any payments during the first year and for the Lease Year in which the Lease expires or terminates shall be prorated between Lessor and Lessee.

(b)    Lessee may contest the validity or amount of any imposition agreed to be paid by Lessee and/or any assessed valuation upon which such imposition is or will be based. If Lessee undertakes any such contest, it shall so notify Lessor and may defer payment of the imposition to the taxing authority or pay the same under protest. Should Lessee be unsuccessful

in any such contest, such imposition and any interest and/or penalties resulting therefrom shall be paid by Lessee. Lessee hereby agrees to hold Lessor harmless from all costs and expenses that may result from Lessee's contest of such imposition. Lessor shall not be required to join in any proceeding or contest brought by Lessee unless the provisions of any law require that the proceeding or contest be brought by or in the name of the Lessor or any owner of the Premises. In that case, Lessor shall join in the proceeding or contest, or permit it to be brought in Lessor's name, all costs of such proceeding, including Lessor's attorneys' fees, to be borne by Lessee.

(c)     If during the Term, any governmental subdivision or agency shall undertake to create an improvement or special assessment district, the proposed boundaries of which shall include the Premises, Lessor and Lessee shall each be entitled to support or oppose the creation of such district or inclusion of the Premises therein or both, and to appear in any proceeding relating thereto as their respective interests in the Premises or otherwise may appear. Should either party receive any notice or other information relating to the proposed creation of any such district the boundaries of which would include the Premises, such party shall promptly notify the other party and deliver to such other party a copy of the notice and/or information.

### 1.08    Utilities.

It is the intent of the parties that the rent paid hereunder shall be absolutely net to the Lessor, and Lessee shall pay all costs, charges, assessments, and obligations of every kind or nature against or relating to the Premises or the use, occupancy, operation, management, maintenance, or repair thereof which may arise or become due during the term. Without limiting the generality of the foregoing, Lessee shall pay all charges for utilities and services furnished to the Premises during the term, including but not limited to gas, electricity, heat, power, sewer, water, telephone, refuse collection, all associated connection charges, and all similar utility bills taxed, levied, or charged upon the Premises.

### 2.00    DEVELOPMENT OF THE PREMISES.

### 2.01    Construction of Improvements.

Lessee shall construct all improvements on the Premises shall be consistent with the CUP, as it may be amended by the City from time to time, and the City's Municipal Code. All plans and drawings for any improvements shall be submitted to Lessor for Lessor's review and approval before Lessee shall commence any work on the Premises. Lessee shall comply with all applicable development standards in City's Municipal Code and shall comply with all building code, landscaping, signage, and parking requirements, and all procedures for obtaining approval thereof, with reasonable diligence. Lessor shall review and approve or disapprove said plans and drawings within thirty (30) days after Lessee's submittal thereof, and any disapproval shall be in writing stating the reasons therefor. Nothing herein shall be deemed to require Lessor's approval of normal and regular maintenance activities performed by Lessee. All improvements once made or installed shall be deemed to have attached to the freehold. Notwithstanding the City's review of the development plans for the site, consistent with its land use regulatory powers, the Lessee is solely responsible for the negligent design, development and/or construction of the shooting and archery ranges.

### 2.02    Ownership of Improvements.

During the Term, title to all improvements constructed or placed on the Premises by Lessee, including buildings, structures, and other tenant improvements are and shall be vested in Lessee, but shall automatically become the property of Lessor upon the expiration or sooner termination of this Lease. Lessee shall have the right to retain any furniture or equipment or any personal property of Lessee not affixed to the buildings or improvements constructed on the Premises, all of which property (whether classified as real or personal property) shall be the property of Lessee. Lessee agrees to provide any documents (such as warranties) relating to the operation or ownership of the improvements at the end of the Lease.

### 2.03    Mechanics' Liens.

Lessee shall not permit any mechanic's, materialman's, contractor's, subcontractor's or other lien arising from any work or improvement, for any labor done, services performed, or materials, appliances, transportation, or power used or furnished, however it may arise, to stand against the Premises or any improvement thereon. If any such lien shall be filed or arise against the Premises or improvements, Lessee shall cause the same to be discharged within thirty (30) days after such filing, by payment, deposit, or bond and shall save and hold Lessor and the Premises free and harmless from any and all such claims, liens, or suits. If an action to foreclose such lien has been filed before Lessee discharges in full such lien, and a lis pendens or, similar encumbrance on the Premises has been recorded in connection with such action, Lessee shall, at the time it discharges such lien, take all measures necessary to procure the removal of such encumbrance from the record title of the Premises. If Lessee shall fail to discharge any such lien, Lessor may, but shall not be obligated to, discharge the same and any amount so paid or deposited by Lessor and any expenses so incurred by Lessor, including reasonable attorney's fees, shall become immediately due and payable by the Lessee to Lessor together with interest as provided hereunder. Lessee may in good faith and at Lessee's own expense contest the validity of any such asserted lien, claim or demand, provided Lessee has furnished the bond required in Section 8424 of the California Civil Code, any amendment thereof or any law of similar import hereafter enacted providing for a bond freeing a premise from such lien claim. Lessee shall give Lessor at least ten (10) days' written notice of the date of commencement of any construction, alteration, addition, or improvement or repair costing in excess of Twenty-Five Thousand Dollars ($25,000.00) so that Lessor may post appropriate Notices of Nonresponsibility. Authorized agents of Lessor shall at all times have the right to go upon the Premises to post, and keep posted thereon, Notices of Nonresponsibility provided by Section 8444 of the California Civil Code. No mechanic's or materialman's liens or mortgages, deeds of trust, or other liens of any character whatsoever created or suffered by Lessee shall in any way or to any extent affect the interests or rights of Lessor in the improvements on the Premises or attach to or affect Lessor's title to or rights in the Premises.

### 3.00    USE OF THE PREMISES.

### 3.01    Uses.

Lessee may only use the Premises for a private outdoor shooting and archery range as expressly permitted under this Lease and the CUP, including as it may be amended by City from

time to time, and subject to all restrictions, conditions and requirements of this Lease and the CUP, including as it may be amended by City from time to time.

Lessee shall have no right to subdivide, separate, or partition the Premises, except upon prior written consent of Lessor.  Breach of the provisions of the City's Municipal Code, the CUP or any conditions imposed on a particular use pursuant thereto shall be a material breach of this Lease and shall be valid and sufficient grounds for Lessor's termination of this Lease.

In general, Lessee shall operate the businesses conducted by them on the Premises in a prudent manner, exercising customary business and club practices and hours of operation, to maximize and enhance the reputation and attractiveness of the Premises.

Additionally, the Lessee shall develop and operate the shooting and archery ranges consistent with industry best practices to ensure the safety of all users of the premises or adjacent property, and avoid all nuisance complaints.

Without limitation to any of the above, Lessee prior to designing, developing and operating the shooting range, shall make himself, any employees, and anyone else authorized to work at, manage or control operations of the shooting range, familiar with the following:

i. National Rifle Association Source Book: A guide to Planning & Construction, in designing, developing and operating the shooting range.

ii. "Facility Management" for ranges provided at the Digital Library on the National Shooting Sports Foundation, provided at www.nssf.org/ranges/rangeresources/library.

Consistent with or in addition to the requirements and conditions of the CUP, use of the Premises shall be subject to the following restrictions:

(a) Only members of a private club, to be established by the Lessee, may enter and use the Premises for purposes of exercising the allowed use of a private outdoor shooting and archery range;

(b) There shall be no alcohol consumed on the Premises at any time;

(c) The hours of operation shall be limited to 8 a.m. to 4 p.m. during standard time and 8 a.m. to 6 p.m. during daylight savings time;

(d) Full compliance with any restrictions related to types and allowed use of firearms required by the Perris Police Department; and

(e) Full compliance with any other restriction on operations or maintenance of the Premises required by the Perris Police Department and Fire Department, imposed at any time, intended to protect the public's health and safety.

Anything to the contrary in this Section or Lease notwithstanding, the Chief of Police of the Perris Police Department may order the immediate suspension of all uses under this Lease at any time upon a finding that it is necessary to protect against an immediate threat to public health

and safety. Neither this provision nor any other provision of this Lease is intended to create any duty on the City or the Perris Police Department that does not otherwise exist at law. The City assumes no responsibility to inspect, monitor or control the Premises and the uses, operations and management of the Premises by the Lessee or anyone else during the Term.

### 3.02   Compliance with Law.

Lessee agrees that all operations and activities by or under Lessee on the Premises shall be conducted in compliance with all applicable statues, ordinances, orders, entitlements, laws, rules and regulations, and the requirements of all federal, state and municipal governments and appropriate departments, commissions, boards and offices thereof, which may be applicable to the Premises or to the use or manner of use of the Premises. Lessee shall indemnify and hold the Lessor harmless against all actions, claims and damages by reason of (i) Lessee's failure to perform the terms hereof; or (ii) Lessee's non-observance or non-performance of any statute, ordinance, order, law, rule, regulation and/or governmental requirement related to Lessee's use and occupancy of the Premises or the condition thereof. Lessee's requirement to indemnify and hold the Lessor harmless shall survive termination of this Lease.

### 3.03   Miscellaneous Restrictions.

Lessee agrees in using the Premises:

(a)   Not to commit any waste or suffer any waste to be committed upon the Premises.

(b)   Not to perform or cause any acts or carry on any practices, or allow of Lessee's invitees, employees, agents or guests to perform or cause any acts or carry on any practices, that may injure adjoining buildings or property or be a nuisance, danger or menace to other persons or businesses in the area or disturb the quiet enjoyment of any person, nor to conduct or permit to be conducted any public or private nuisance on the Premises.

(c)   Not to engage in any activity on or about the Premises that violates any "Environmental Law" (as defined below), and to promptly, at Lessee's sole cost and expense, take all investigatory and/or remedial action required or ordered by any governmental agency or Environmental Law for clean-up and removal of any contamination involving any "Hazardous Material" (as defined below) created or caused by or under Lessee. The term "Environmental Law" shall mean any federal, state or local law, statute, ordinance or regulation pertaining to health, industrial hygiene or the environmental conditions on, under or about the Premises including, without limitation, (i) the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. Sections 9601 et seq.; (ii) the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. Sections 6901 et seq.; (iii) California Health and Safety Code Sections 25100 et seq.; (iv) the Safe Drinking Water and Toxic Enforcement Act of 1986, California Health and Safety Code Section 25249.5 et seq.; (v) the Federal Water Pollution Control Act, 33 U.S.C. Sections 1317 et seq.; (vi) California Water Code Section 1300 et seq.; and (vii) California Civil Code Section 3479 et seq., as such laws are amended and the regulations and administrative codes applicable thereto. The term "Hazardous Material" includes, without limitation, any material or substance which is (i) defined or listed as

### 9.14   **Attorney Fees.**

In the event of any action or proceeding at law or in equity between Landlord and Tenant to enforce any provision of this Lease or to protect or establish any right or remedy of either party hereunder, the unsuccessful party to such litigation shall pay to the prevailing party all costs and expenses, including reasonable attorney's fees, incurred therein by such prevailing party, and if such prevailing party shall recover judgment in any such action or proceeding, such costs, expenses and attorney's fees shall be included in and as a part of such judgment.

IN WITNESS WHEREOF, Lessor and Lessee have executed this Lease as of the date first written above.

**"LESSOR"**

CITY OF PERRIS, a municipal corporation

Dated: 11/7/2013

By: _____
        Daryl R. Busch, Mayor

ATTEST:

By: _____
        Nancy Salazar, City Clerk

APPROVED AS TO FORM:

ALESHIRE & WYNDER, LLP

By: _____
        Eric L. Dunn, City Attorney

**"LESSEE"**

WSRP, LLC, a California limited liability company

By: _____  10-30-13
        Name: Matthew Johnson
        Its: Manager

Dated: _____

# EXHIBIT C

**2017-01-12  City of Perris' interstate
communication with intent to extort**

EXHIBIT C

 Gmail

Emanuel Lin <linemanuel@gmail.com>

---

## Lin v. City of Perris, et al.

**Rose Barr** <rbarr@creasonandaarvig.com>                             Thu, Jan 12, 2017 at 6:10 PM
Reply-To: rbarr@creasonandaarvig.com
To: Emanuel Lin <linemanuel@gmail.com>, jbursch@tylerbursch.com, jnbursch@tylerbursch.com, nklein@tylerbursch.com
Cc: Susan Kenney <skenney@tylerbursch.com>

Mr. Lin and Counsel,

Please see attached.

Thank you,

**Rose M. Barr**

Secretary to Maria K. Aarvig, Esq.,

Diane K. Huntley, Esq. and Amy J. Osborne

**CREASON & AARVIG, LLP**

3963 Eleventh Street

Riverside, CA 92501

(951) 788-0977

(951) 788-0870 Fax

CONFIDENTIAL:  The information contained in this correspondence and any attachment is information protected by attorney/client and/or the attorney/work product privileges. It is intended only for the use of the individual to whom it is addressed and the privileges are not waived by virtue of this having been sent by electronic mail.  If the person actually receiving this correspondence facsimile or any other reader of the facsimile is not the named recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us.

**2 attachments**

📎 **128.7 Motion for Sanctions.pdf**
2661K

📎 **128.7 Motion for Sanctions-Declaration.pdf**
1188K

CREASON & AARVIG, LLP     ***Exempt pursuant to Government Code §6103***
     Attorneys at Law
     3963 Eleventh Street
     Riverside, CA 92501
     (951) 788-0977
     (951) 788-0870 (Facsimile)
Maria K. Aarvig, Esq. - Bar No. 146671
Diane K. Huntley, Esq. - Bar No. 145326

Attorneys for Defendant,
CITY OF PERRIS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## RIVERSIDE COUNTY – CENTRAL

| | |
|---|---|
| S. EMANUEL LIN, | **CASE NO. RIC1411077** |
| Plaintiff, | **JUDGE SUNSHINE SYKES FOR ALL PURPOSES DEPARTMENT 6** |
| v. | **COMPLAINT FILED: November 18, 2014** |
| CITY OF PERRIS, MATTHEW JOHNSON, WSRP, LLC, WRSP, LLP, DOES 1 - 10, | **NOTICE OF MOTION AND MOTION FOR SANCTIONS PURUSANT TO *CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5;** |
| Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | **Date: _____, 2017** |
| | **Time: 8:30 a.m.** |
| | **Dept: 6** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORDS HEREIN:

PLEASE TAKE NOTICE that on _____, 2017 at 8:30 a.m., or as soon thereafter as the matter can be heard in Department 6 of the above-entitled court, located at 4050 Main Street, Riverside, California 92501, defendant CITY OF PERRIS will move, and hereby does move, the court for sanctions pursuant to *Code of Civil Procedure* §128.7 and/or *Code of Civil*

1  *Procedure* §128.5 in the amount of $78,650.00 against plaintiff S. EMANUEL LIN representing
2  the expenses incurred in defending this lawsuit.

3    This motion is brought on the ground that this action filed by plaintiff S. EMANUEL LIN
4  against the moving defendant CITY OF PERRIS, among others, is without factual support, is
5  being presented in bad faith and for an improper purpose, is not warranted by existing law and is
6  in violation of the certification of merit implied in the presentation of a complaint to the court.

7    This motion will be based on this Notice of Motion, the Memorandum of Points and
8  Authorities, the Declaration of Maria K. Aarvig, and upon such other and further oral and
9  documentary evidence as may be presented to the court at the time of the hearing on this motion.

10    The court will make a tentative ruling on the merits of this matter by 3:00 p.m. on the
11  court day prior to the hearing. Tentative rulings will be available on the internet or by calling 1-
12  760-904-5722. To view go to: http://www.riverside.courts.ca.gov and click on the tentative
13  ruling link. The tentative ruling shall become the ruling of the court unless, by 4:30 p.m. on the
14  court day before the scheduled hearing, a party gives notice of intent to appear to all parties and
15  the court. The notice of intent to appear must be given either in person or by telephone. Where
16  notice of intent to appear has been properly given, or upon direction of the court, oral argument
17  will be permitted.

18    This notice will be served on the plaintiff no less than twenty-one (21) days before filing
19  with the court, as required by Section 128.7 to afford a safe harbor period of consideration. It
20  will be served a second time once a hearing date is provided by the court.

21  DATED: January 2, 2017      CREASON & AARVIG, LLP

22

23            By:

24              MARIA K. AARVIG, ESQ.
             DIANE K. HUNTLEY, ESQ.
25              Attorneys for Defendant,
             CITY OF PERRIS

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR SANCTIONS

### I.

### INTRODUCTION

The plaintiff in this case is a self-represented private property owner of vacant land in Riverside County who objects to his neighbor, defendant MATTHEW JOHNSON's, use of his land within the CITY OF PERRIS limits as an outdoor shooting range. Mr. JOHNSON, doing business as defendant WRSP, LLC, applied for and was granted a Conditional Use Permit to rehabilitate an old shooting range that had been used by the City of Perris Police Department for many years. The CUP was obtained through a public process which was properly noticed and conducted. The plaintiff was the only objector, and the CUP was approved.

Although apparently disappointed with the decision to issue the CUP, the plaintiff never sought any form of review or challenge to the Planning Commission's approval and adoption of the Conditional Use Permit necessary to exhaust his administrative and judicial remedies. Instead, he filed this untimely and meritless complaint against the CITY and the JOHNSON defendants, by which he essentially seeks to force the CITY to withdraw the CUP and put Mr. JOHNSON out of business, or at the very least garner excessive improvements to the JOHNSON property so as to increase the value of his own nearby vacant property.

The CITY attempted to avoid the expense of pursuing this motion and the summary judgment motion scheduled to be heard the same day by bringing these matters to the attention of plaintiff. By the time this motion is filed, plaintiff will also have had the full benefit of the statutory safe harbor period in which to consider the consequences of continuing to pursue this meritless case. If this motion is filed, it will be because the request for a voluntary dismissal and the safe-harbor period was ignored, which made it necessary to file both motions.

The plaintiff's action is without merit, and the facts and circumstances which render it meritless were known to the plaintiff from the outset. While the action should never have been filed against the CITY OF PERRIS in the first place, upon investigation and discovery it should have never been further pursued and prosecuted, and the CITY OF PERRIS should not have

1  been forced to spend public funds for its defense. Under the circumstances, the plaintiff's action
2  is clearly frivolous and brought in bad faith making sanctions are appropriate.

3  **II.**

4  **STATEMENT OF THE CASE**

5  **A.    Factual Background**

6  The properties belonging to the parties at issue in this case are to the east of Highway 74
7  (running northeast/southwest direction in this area). Ellis Avenue is to the south and runs
8  east/west, intersecting with Highway 74. Bellamo Lane also runs north/south and intersects at
9  the south with Ellis Avenue and at the north with Highway 74, forming a triangle. The western
10 portion of Bellamo Lane is designated unincorporated property falling under the jurisdiction of
11 the County of Riverside; the eastern portion of Bellamo Lane is within the jurisdiction of the
12 CITY OF PERRS. The land is generally rocky and unimproved and there are numerous dirt
13 paths intersecting with each other which are not named or recorded.

14 The properties subject to the JOHNSON defendants' gun range CUP are to the east of
15 Bellamo Road, within the CITY OF PERRIS. In the southwest corner at the intersection of
16 Bellamo Road and Ellis Avenue, there is an enclosed shooting range with a chain-link fence. In
17 the past, this property owned by the CITY OF PERRIS was used as a gun range training facility
18 for the City of Perris Police Department. None of these adjoining property owners besides the
19 plaintiff have complained about this project to rehabilitate the gun range facility. Directly to the
20 west of that enclosed shooting range is a property owned by an individual other than the plaintiff
21 which extends all the way west to Highway 74.

22 The plaintiff's property is to the north and is situated in the County of Riverside. The
23 plaintiff's property consists of approximately 10 acres and was purchased by the plaintiff in
24 1979. He has never resided on the property, and has resided in Houston, Texas since the mid-
25 80s.

26 In December 2012, Mr. JOHNSON applied to the CITY for a Condition Use Permit to
27 rehabilitate the existing gun range facility. The application was processed through the CITY
28 with several conditions being required by the CITY for the project. Mandated notices were

1   provided to the nearby landowners and the plaintiff made various complaints about the project.
2   He primarily objected that the project's proposed gate blocking access to Bellamo Lane would
3   "land-lock" his property. A public hearing was held before the Planning Commission, which
4   considered and addressed the plaintiff's concerns and objections. In particular, review of County
5   of Riverside parcel maps outlined access to the plaintiff's property from Fourth Avenue, a road
6   off of Highway 74, which is located within the County's jurisdiction, thus refuting his claim that
7   his property would become land-locked by the project. Since plaintiff's unimproved property
8   was located outside the CITY's boundaries and instead, and within the unincorporated County of
9   Riverside jurisdiction, plaintiff would have to comply with the development plan and process of
10   the County of Riverside and seek further access to his property in that jurisdiction. The review
11   also indicated that the project area does not encroach upon any public easement or the plaintiff's
12   property as shown by a professional survey. The Planning Commission set forth several
13   conditions to the approval of the project, including the installation of gates on Bellamo Lane and
14   Ellis Avenue. Specifically, Bellamo Lane was prohibited from being used for public access to
15   the project due to visibility impediments (but would remain open to emergency access). At the
16   conclusion of the February 20, 2013 hearing, the Planning Commission approved the Conditional
17   Use Permit application and the CUP was thereafter issued.

18   **B.**   **Procedural Background**

19   This case has been a procedural quagmire, with the plaintiff filing or attempting to file
20   numerous mislabeled revisions to his complaint. The first pleading was filed on November 18,
21   2014, more than a year and nine months after the CITY's approval of the CUP. A series of
22   demurrers have been sustained with and without leave to amend, with the plaintiff ignoring those
23   rulings and attempting to reassert theories that have been eliminated from the complaint, as well
24   as other nonmeritorious claims. The plaintiff has filed four motions for leave to amend which
25   were denied. He has filed unsuccessful appeals and an unsuccessful petition for review to the
26   California Supreme Court. Disrespecting the court and the other parties, the plaintiff has already
27   been sanctioned by this court three times for his repeated abuse of the process and failure to
28   follow the *Rules of Court*.

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
*CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
-3-

1       A review of this court's docket will reveal that the plaintiff repeatedly files documents

2 followed by amendments to the documents and erratas, thereby unnecessarily duplicating the

3 efforts necessary to defend this case. He has also filed numerous unnecessary, unreasonable, and

4 unsuccessful ex parte applications to the court. Every step of the discovery process has been

5 frustrated by refusals to cooperate and meritless objections, and even sitting for a deposition

6 required a court order.

7       As to the CITY, the only legal theories viable in the currently operable version of the

8 complaint are the 7th, 9th and 10th causes of action against the CITY, which describe themselves

9 as being for writ of mandate, injunctive relief and constitutional violation of property rights,

10 respectively. None of these theories have any legal merit.

11       Concurrent with this motion, the CITY OF PERRIS will file a motion for summary

12 judgment. The meet and confer efforts prior to the preparation of this motion and the motion for

13 summary judgment include multiple conversations with the plaintiff, multiple points and

14 authorities in opposition to the plaintiff's many motions and a written correspondence dated

15 December 1, 2016. Plaintiff will have been duly served with this motion and notice of motion in

16 accordance with the provisions of *Code of Civil Procedure* §128.7(c)(1) and the proscribed

17 statutory safe-harbor provision will have lapsed prior to its filing.

18       The hearing date on the motion for summary judgment and this motion is reserved for

19 _____, 2017. No trial date has been set by the court.

20 **III.**

21 **A PARTY WHO FILES AND PROSECUTES A COMPLAINT**

22 **WITH THE COURT MAKES A CERTIFICATION**

23 **AS TO THE COMPLAINT'S LEGAL AND FACTUAL MERIT AND**

24 **THAT IT IS NOT FILED IN BAD FAITH OR FOR AN IMPROPER PURPOSE**

25 *Code of Civil Procedure* §128.7 provides in part:

26     (b)     By presenting to the court, whether by signing, filing, submitting, or later

27     advocating a pleading, petition, written notice of motion, or other similar paper,

28     an attorney or unrepresented party is certifying that to the best of the person's

1    knowledge, information, and belief, formed after an inquiry reasonable under the

2    circumstances, all of the following conditions are met:

3         1.    It is not being presented primarily for an improper

4               purpose, such as to harass or to cause unnecessary delay or

5               needless increase in the cost of litigation.

6                                          …

7         3.    The allegations and other factual contentions have

8               evidentiary support or, if specifically so identified, are

9               likely to have evidentiary support after a reasonable

10              opportunity for further investigation or discovery.

11   *Code of Civil Procedure* §128.5 similarly provides in part:

12        (a)    A trial court may order a party, the party's attorney, or both to pay the

13   reasonable expenses, including attorney's fees, incurred by another party as a

14   result of bad-faith actions or tactics that are frivolous or solely intended to cause

15   unnecessary delay. . . .

16        For purposes of *Code of Civil Procedure* §128.5, "actions or tactics" includes filing

17   complaints and motion or opposing motions, and "frivolous" means totally and completely

18   without merit or for the sole purpose of harassing an opposing party. *Code of Civil Procedure*

19   §128.5(b). In this case, the plaintiff has filed not only his operative complaint, but numerous

20   motions to seek to amend his complaint and re-argue decisions of the court. And, to harass and

21   annoy his opposing parties, each of the motions have been accompanied by voluminous exhibits,

22   erratas and last minute amendments.

23        It is irrelevant that the party presenting the pleading is acting in pro per or may claim to

24   have been honestly mistaken as to its factual or legal merit. See *Nwosu v. Uba* (2004) 122

25   Cal.App.4th 1229, 1246; see also *Leslie v. Board of Medical Quality Assurance* (1991) 234

26   Cal.App.3d 117, 121 [self-represented parties are held to the "same restrictive procedural rules as

27   an attorney"]. Whether *Code of Civil Procedure* §128.7(b) is violated is tested objectively. "The

28   actual belief standard ... requires a well-founded belief. We measure the truth-finding inquiry's

1    reasonableness under an objective standard and apply this standard to both the attorneys and their
2    clients." *Bockrath v. Aldrich Chem. Co., Inc.* (1999) 21 Cal 4th 71, 82. Where the court
3    determines that the certificate is violated, the court may impose appropriate sanctions upon the
4    attorneys, law firms, or parties. *Code of Civil Procedure* §128.7(c).

5           Here, plaintiff has used vague and speculative allegations to plead that the CITY OF
6    PERRIS somehow improperly issued a CUP in this case. The allegations are factually
7    insufficient and without legal authority. Plaintiff cannot justify the continued maintenance of
8    this lawsuit with any evidence or legal justification.

9                                                    IV.

10   ## THE PLAINTIFF'S ACTION IS WITHOUT LEGAL OR FACTUAL FOUNDATION
11   ## AND IS PURSUED IN BAD FAITH FOR AN IMPROPER PURPOSE

12          As noted above, a party representing himself who presents a pleading to the court
13   certifies that to the best of his knowledge and belief, formed after an inquiry reasonable under
14   the circumstances, the claims and legal contentions are warranted by existing law and the
15   allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary
16   support after a reasonable opportunity for investigation or discovery. *Code of Civil Procedure*
17   §128.7(b). No action should be pursued which is frivolous or motivated in bad faith. *Code of*
18   *Civil Procedure* §128.5.

19          The certification of the papers is not exclusive to the filing or signing of the papers, but
20   also to the later advocacy of the documents. Accordingly, the obligation regarding the contents
21   of papers filed is measured beyond the initial filing, but continues to apply to the advocacy of
22   motions and oppositions. *Code of Civil Procedure* §128.5(b)(1); *Code of Civil Procedure*
23   §128.7(a)-(c). While a plaintiff is not required to amend his pleadings to delete allegations for
24   which he cannot find evidentiary support, he risks being subject to sanctions if he persists in
25   advocating claims in earlier filed papers after he knows (or should know) are lacking in
26   evidentiary support or legal merit. See *Childs v. State Farm Mut. Auto. Ins. Co.* (5th Cir. 1994)
27   29 Fed.3rd 1018, 1026 [interpreting FRCP 11]. *Code of Civil Procedure* §128.7 is modeled,
28   almost verbatim, after Rule 11 of the *Federal Rules of Civil Procedure*. *Musaelian v. Adams*

1   (2009) 45 Cal.App.4th 512, 517-518. In examining the provisions under §128.7, California

2   courts may look to Federal decisions interpreting the Federal Rule. *Laborde v. Aronson* (2001)

3   92 Cal.App.4th 459, 467. In so doing, courts have found the *Federal Rule of Civil Procedure*

4   11(c)(2) allows the court, if it finds a violation . . . to "order directing payment of the movant of

5   some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the

6   violation." *Laborde* at pg. 467. Similarly, §128.7 (d) provides the court may award "some or all

7   of the reasonable attorney's fees incurred as a direct result of the violation." *Id.*

8         In this case, the plaintiff not only filed the subject complaint, he continued to advocate it

9   in bad faith knowing that it was not supported by factual support or legal authority and even

10   moved the court on four different occasions to seek to expand the parameters of his frivolous

11   claim and to assert anew causes of action the court had deemed meritless in sustaining demurrers

12   without leave to amend. The law prohibits such improper pursuit of litigation without legal merit

13   and provides some level of retribution on the part of wrongfully named defendants in the form of

14   monetary sanctions, in the form of reasonable attorney's fees incurred in defending against such

15   action. *Code of Civil Procedure* §128.5 and *Code of Civil Procedure* §128.7(b)(1) and (3).

16   Without factual or legal authority, it is plain that the untimely and meritless complaint against the

17   CITY and the JOHNSON defendants was filed for an improper purpose to impose a burden upon

18   and harass the City. It is readily apparent that the plaintiff seeks to impose so much expense

19   upon the City as to force it to withdraw the CUP and put Mr. JOHNSON out of business, or at

20   the very least garner excessive improvements to the JOHNSON property so as to increase the

21   value of his own nearby vacant property, is improper. The plaintiff's improper purpose for

22   pursuing the litigation is made all the more evident by his actions and admitted demands for

23   compensation and improvement that have nothing to do with this case. Such bad-faith tactics

24   and insistence on pursuing this action, even when it was made obvious that it had no merit, is

25   without justification and the proper basis for the imposition of sanctions.

26         As presented to the plaintiff over and over again in this case from the very outset with the

27   initial demurrer, the undisputed facts clearly demonstrate that the plaintiff's case is untimely and

28   without legal merit. The undisputable facts that were readily verifiable before this lawsuit was

1  filed show that the CUP was approved by the CITY on February 20, 2013 and that the plaintiff
2  failed to exhaust his administrative and judicial remedies in a timely manner under the statutory
3  mandates. Any modest effort to review the facts of this case and research the underlying causes
4  of action would have revealed the same to plaintiff before he signed, filed, served and then
5  advocated the within action.

6      Cities are vested with the statutory and constitutional right to make decisions concerning
7  land use. See *Clemons v. City of Los Angeles* (1950) 36 Cal.2d 95, 99. Both statutory and case
8  law provide that the exclusive remedy for challenging the validity of the CITY's action in
9  granting a Conditional Use Permit application is administrative mandamus under *Code of Civil*
10 *Procedure* §1094.5. *Government Code* §65009; *See also, City of Santee v. Superior Court*
11 (1991) 228 Cal. App. 3d 713; *Briggs v. City of Rolling Hills Estates* (1995) 40 Cal. App. 4th 637.
12 Under *Government Code* §65009, plaintiff had 90 days in which to file a petition to attack or
13 review the reasonableness, legality or validity of the CITY's decision to grant the CUP.
14 Otherwise, under *Government Code* §65009(e), he is barred from bringing any further action or
15 proceeding.[1] The strict deadlines are not new or novel. This procedural mandate is the subject
16 of long standing and well established law which a potential litigant would be expected to either
17 know or learn before initiating a lawsuit. The persistent pursuit of this matter despite the specific
18 knowledge that the claims are untimely and without merit justifies an award of sanctions.

19 ## V.

20 ## SANCTIONS

21     The *Code of Civil Procedure* authorizes both monetary and non-monetary sanctions for
22 violation of §128.7(d), which states, in pertinent part:

23     A sanction imposed for violation of subdivision (b) shall be limited to what is
24     sufficient to deter repetition of this conduct or comparable conduct by others
25     similarly situated. Subject to the limitations in paragraphs (1) and (2), the
26     sanction may consist of, or include, directives of a non-monetary nature, an order

27

28 [1] To the extent that the plaintiff attempts to re-style his complaint to argue against the enforcement of the CUP or the inspection of the property, the CITY would be immune under Government Code §§815.6, 818.2, 818.4 and 818.6.

1         to pay penalty into court, or, if imposed on motion and warranted for effective

2         deterrence, an order directing payment to the movant of some or all of the

3         reasonable attorney's fees and other expenses incurred as a direct result of the

4         violation.

5         Similarly, *Code of Civil Procedure* §128.5 authorizes the recovery of "reasonable

6 expenses, including attorney's fees, incurred by another party as a result of bad-faith actions and

7 tactics."

8         Accordingly, it is respectfully submitted that the underlying first amended complaint

9 should be dismissed and that the costs incurred in defending the action, which lacked factual and

10 legal support and proper purpose from the onset, should be awarded to the moving CITY OF

11 PERRIS as sanctions for defending the action.

12         As is indicated in the accompanying declaration of Maria K. Aarvig, the CITY OF

13 PERRIS in this action has already incurred in excess of $67,450.00 in attorneys' fees and

14 litigation expenses defending this action, not including the expenses that will be incurred in

15 pursuing this motion and a motion for summary judgment, which it is anticipated will total

16 another $11,200.00, for a grand total of $78,650.00. It is respectfully requested that since the

17 lack of merit of this case was known to the plaintiff since the outset, the full amount of these

18 defense expenses should be awarded to the moving party.

19                                   **VI.**

20                       **CONCLUSION**

21         By the time this matter is heard by this court, the plaintiff will have been afforded the full

22 advantage of the opportunity to avoid sanctions by virtue of the service of this motion at least

23 twenty-one (21) days before it was filed. Before the original complaint was even signed, the

24 facts which rendered it meritless were either known to or readily available to the plaintiff. Cities

25 are vested with the statutory and constitutional right to make decisions concerning land use and

26 the rules and strict time limitations for challenging such decisions are neither complex nor novel.

27 Based upon these circumstances, the moving CITY OF PERRIS respectfully requests that this

28 court exercise its discretion to grant this motion and afford to the CITY a measure of relief from

1   the burden of the litigation expenses in the amount of $78,650.00 which it has been forced to

2   bear as the result of this frivolous action.

3   DATED: January _10_, 2017                    CREASON & AARVIG, LLP

4

5                                        By:  _____

6                                             MARIA K. AARVIG, ESQ.
                                              DIANE K. HUNTLEY, ESQ.
7                                             Attorneys for Defendant,
                                              CITY OF PERRIS
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

(Pursuant to CCP §§ 1013a(1) and 2015.5)

STATE OF CALIFORNIA )

) ss.

COUNTY OF RIVERSIDE )

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3963 Eleventh Street, Riverside, California 92501.

On January 12, 2017, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR SANCTIONS PURUSANT TO *CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** as follows:

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ (By Mail) I deposited such envelope in the mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

_X_ (By Electronic Mail) I sent this document via the email address (s) as listed on attached mailing list, on January 12, 2017 at approximately 4:40 pm. There is an agreement between this office and the recipient to accept service by electronic mail.

__ (By Express Mail) I deposited such envelope in a facility regularly maintained by the United States Postal Service for receipt of Express Mail with Express Mail postage paid, addressed to the person to be served.

_X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 12, 2017, Riverside, California.

__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rose Marie Barr

---

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
*CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
-11-

1

## PROOF OF SERVICE MAILING LIST

2

### S. Emanuel Lin v. City of Perris, et al.
*Riverside County Superior Court Case No.: RIC1411077*

3

4    S. Emanuel Lin                              *PLAINTIFF IN PROPIA*
     3527 Woodvalley Dr.
5    Houston, Texas 77025-4232
     Email: LinEmanuel@gmail.com
6    (713) 858-2462

7    Jennifer Bursch, Esq.                       *COUNSEL FOR CO-DEFENDANTS*

8    Jordon N. Bursch, Esq.
     Nathan Klein, Esq.                          *MATTHEW JOHNSON and WRSP, LLC*
9    TYLER & BURSCH, LLP
     24910 Las Brisas Road, Suite 110
10   Murrieta, California 92562
     (951) 600-2733
11   (951) 600-4996 Fax
     e-mail: *jbursch@tylerbursch.com*
12   e-mail: *jnbursch@tylerbursch.com*
     email: *nklein@tylerbursch.com*
13   e-mail: *skenney@tylerbursch.com*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO
*CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
-12-

1  CREASON & AARVIG, LLP                    *Exempt pursuant to Government Code §6103*
2       Attorneys at Law
        3963 Eleventh Street
3       Riverside, CA 92501
4       (951) 788-0977
        (951) 788-0870 (Facsimile)
5  Maria K. Aarvig, Esq. - Bar No. 146671
   Diane K. Huntley, Esq. - Bar No. 145326
6
7  Attorneys for Defendant,
   CITY OF PERRIS
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                  RIVERSIDE COUNTY – CENTRAL
11
   S. EMANUEL LIN,                          )    **CASE NO. RIC1411077**
12                                          )
                                            )    **JUDGE SUNSHINE SYKES FOR ALL**
13                Plaintiff,                )    **PURPOSES**
                                            )    **DEPARTMENT 6**
14 v.                                       )
                                            )    **COMPLAINT FILED: November 18, 2014**
15 CITY OF PERRIS, MATTHEW JOHNSON,         )
   WSRP, LLC, WRSP, LLP, DOES 1 - 10,       )    **DECLARATION OF MARIA K. AARVIG,**
16                                          )    **ESQ. IN SUPPORT OF MOTION FOR**
                                            )    **SANCTIONS PURUSANT TO *CODE OF***
17                Defendants.               )    ***CIVIL PROCEDURE* §128.7 AND/OR**
                                            )    ***CODE OF CIVIL PROCEDURE* §128.5**
18                                          )
19                                          )    **Date:** _____, **2017**
                                            )    **Time: 8:30 a.m.**
20                                          )    **Dept: 6**
                                            )
21 _____)
22
23          I, MARIA K. AARVIG, declare as follows:
24          1.    I am an attorney at law, duly licensed to practice before all of the courts of the
25 State of California. I am a partner with the law firm of Creason & Aarvig, LLP, attorneys of
26 record for defendant CITY OF PERRIS in the above referenced action. I am readily familiar
27 with the pleadings and proceedings in this action and I am competent to testify to the contents of
28 this declaration.

DECLARATION OF MARIA K. AARVIG, ESQ. IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT
TO *CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5
-1-

1      2.      My firm charges at the rate of $175.00 per hour for services rendered to CITY OF
2 PERRIS for partners and $150.00 per hour for associates.

3      3.      My client has incurred legal fees and expenses in excess of $67,450.00 defending
4 the within action, representing charges for 177 hours of partner time and 234 hours of associate
5 time, including file and document review, investigation, research, preparation of pleadings,
6 making and opposing motions and preparation of supporting declarations and exhibits,
7 conducting, reviewing and responding to discovery and attending various hearings and other
8 communications between the parties.

9      3.      I anticipate that my client will incur additional legal fees totaling $2,975.00 for
10 the preparation of this motion for sanctions, representing charges for 7 hours of legal work
11 performed, plus 10 hours anticipated to be performed, including research, preparation of the
12 motion, supporting declaration, reviewing opposition, preparing a reply, attending the hearing
13 and preparing the proposed order. This all postdates my communications with plaintiff about the
14 lack of merit in this case, and the most recent correspondence to plaintiff seeking a voluntary
15 dismissal on December 1, 2016, a true and correct copy of which is attached hereto as Exhibit A
16 and incorporated herein by reference.

17      4.      I anticipate that my client incurred will incur additional legal fees totaling
18 $8,225.00 for the preparation of the motion for summary judgment filed concurrently with this
19 motion for sanctions, representing charges for 47 hours of legal work to be performed, including
20 research, preparation of the motion, declarations and exhibits in support and separate statement
21 of undisputed materials facts, reviewing opposition, preparing a reply, attending the hearing and
22 preparing the proposed order. This all postdates the above referenced meet and confer efforts
23 with the plaintiff seeking a voluntary dismissal.

24      I declare under penalty of perjury under the laws of the State of California that the
25 foregoing is true and correct. Dated this 10th day of January, 2017, at Riverside, California.

26

27                           MARIA K. AARVIG, ESQ., Declarant

28

EXHIBIT "A"

## Diane Huntley

**From:** Nathan Klein [nKlein@tylerbursch.com]

**Sent:** Thursday, December 01, 2016 3:45 PM

**To:** Emanuel Lin

**Cc:** Diane Huntley; maarvig@creasonandaarvig.com; Jordan Bursch; Susan Kenney; rbarr@creasonandaarvig.com

**Subject:** RE: Where are we heading from here (RIC1411077)?

Mr. Lin,

First and foremost, including a judge on our informal correspondence is highly inappropriate. Please do not cc the Honorable Judge Tranbarger (or any other judge) on any future communication with our firm. As to your proposal, please see the below response prepared jointly by Tyler & Bursch and Creason & Aarvig:

Your proposal is so removed from the direction this case is going, we felt it necessary to respond with a joint statement from Tyler & Bursch, LLP on behalf of our clients WRSP, LLC and Mr. Johnson, as well as Creason & Aarvig, LLP on behalf of the City of Perris.

The City, Mr. Johnson, and WRSP reject your offer. Quite simply, closing down the gun range is not, and never will be an option for resolving this case. Even if you could win this case, shutting down the gun range is not a remedy the court can give you. There is no reason the defendants you have sued would agree to something you would not be entitled to even if you won the case.

The defendants absolutely will not stipulate to allow the filing of SAC4. The court denied your motion. The defendants have already spent an inordinate amount of money to get to this point, and are not willing to reopen the case at this point, setting off another round of challenges by demurrer, requiring more discovery, and putting off the summary judgment motions. The Court has heard you four different times on this issue and has denied it every time. There is no reason to expect the appellate court to see it any differently.

You have assumed serious responsibilities by filing this lawsuit. You cannot use a lawsuit as if it were some kind of game in which you try to wear down your opponents with hundreds of pages of frivolous filings in the hope that they are forced to spend so much money on legal fees that they are driven out of business. Actions like that have consequences. The defendants are entitled to ask the court to sanction you. If this case is not resolved and the defendants are forced to file summary judgment motions, the defendants will ask the court to award them back all of the attorneys' fees and costs they have incurred on this case under *Code of Civil Procedure* section 128.7.

**All** of the parties are obligated to conduct themselves according to the rules and the court's orders. This includes the Honorable Judge Tranbarger's order requiring you to select three appraisers. As previously stated, failure to do so could result in sanctions or even a contempt hearing. If you refuse to participate, the defendants will get their own appraisal to provide at the MSC and we will inform the Court of your refusal to participate.

Sincerely,
Nathan R. Klein, Esq.
**Tyler & Bursch, LLP**
24910 Las Brisas Road, Ste. #110
Murrieta, CA 92562

951.600.2733
951.600.4996 (fax)

The information contained in this communication is protected by the attorney-client and/or the attorney/work product privilege. It is intended only for the use of the addressee, and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail and destroy this communication and all copies thereof, including all attachments.

**From:** Emanuel Lin [mailto:linemanuel@gmail.com]
**Sent:** Thursday, December 01, 2016 4:29 AM
**To:** rbarr@creasonandaarvig.com; Diana Huntly <dhuntley@creasonandaarvig.com>; Jordan Bursch <jnbursch@tylerbursch.com>; Maria Aarvig <maarvig@creasonandaarvig.com>; Nathan Klein <nKlein@tylerbursch.com>; Susan Kenney <skenney@tylerbursch.com>; Perez, Raymond <Raymond.perez@fnf.com>; MSCRIV@riverside.courts.ca.gov
**Subject:** Where are we heading from here (RIC1411077)?

Dear Counsels (and cc. to Hon. Gary Tranbarger)

As I paused in the middle of the night to ponder and share some of my inner thought with you about where we are heading from here about the case RIC1411077.

I would like to withdraw my appeal with a stipulation from you, the City and the Johnsons, to let SAC4 to be filed, to withdraw all existing and pending motion for sanction, then we will work toward a reasonable resolution of the case on the frame work that the current gun range is not sustainable as a business and the gun range site (APN 313-180-013) has become too valuable to be the best and highest use for gun range operation. I already share these with Mr. Johnson and the City in 2013. It is time to find a least costly way to wind it down.

I can give you three appraisers, but it would not resolve the issue. If we engaged with anyone's service to have the proceeding stayed, we would waste our money and time. You manipulated a hearing two days before the MSC to force me to sleep in the car for two more nights in the high 40 degree element thinking the court would grant you a deposition while I still stay in CA. It is utterly bad faith, especially when Mr. Bursch already made a declaration to save a deposition like this as the reason to propound 134 some interrogatories. Mr. Nathan Klien drafted the declaration when he just got hired by Mr. Bursch to get up to speed by these 134 interrogatories and made a false declaration for Mr. Bursch to sign. I am very busy. My 48 hours in CA and sleep in the car are not free.

We need to be in good faith to work toward a resolution of the case. You may think I don't see the tactic behind your move. I may not see all of them, but I may see some of them. Things won't work out as easily when I have to suspect every of your move. I don't need to further embarrass myself when I filed declaration and more photos to defend myself.

It is for the best interest of our Riverside Superior Court not to let my pending appeal to move upward. It is my deep desire not to do so. I don't want to speak any deeper.

I hope you would work with me and for the Riverside Superior Court to walk out the first step toward a resolution of the case: stipulate the filing of SAC4, withdraw all sanctions. There are certain unlawful things we just cannot cross. Of course, as soon as I say that, you would object. But there are ways to take care of them, because fundamentally it is simply not sustainable. I already told Mr. Johnson in 2013.

Sincerely yours
S. Emanuel Lin

1/11/2017

**PROOF OF SERVICE**
(Pursuant to CCP §§ 1013a(1) and 2015.5)

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF RIVERSIDE )

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3963 Eleventh Street, Riverside, California 92501.

On January 12, 2017, I served the foregoing document described as **DECLARATION OF MARIA K. AARVIG, ESQ. IN SUPPORT OF MOTION FOR SANCTIONS PURUSANT TO *CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5** as follows:

I declare that I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    (By Mail) I deposited such envelope in the mail at Riverside, California. The envelope was mailed with postage thereon fully prepaid.

X    (By Electronic Mail) I sent this document via the email address (s) as listed on attached mailing list, on January 12, 2017 at approximately 4:10 pm. There is an agreement between this office and the recipient to accept service by electronic mail.

___    (By Express Mail) I deposited such envelope in a facility regularly maintained by the United States Postal Service for receipt of Express Mail with Express Mail postage paid, addressed to the person to be served.

X    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 2, 2017, Riverside, California.

___    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rose Marie Barr

---

DECLARATION OF MARIA K. AARVIG, ESQ. IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT
TO *CODE OF CIVIL PROCEDURE* §128.7 AND/OR *CODE OF CIVIL PROCEDURE* §128.5
-3-

## **PROOF OF SERVICE MAILING LIST**

### **S. Emanuel Lin v. City of Perris, et al.**
*Riverside County Superior Court Case No.: RIC1411077*

S. Emanuel Lin                                    *PLAINTIFF IN PROPIA*
3527 Woodvalley Dr.
Houston, Texas 77025-4232
Email: LinEmanuel@gmail.com
(713) 858-2462

Jennifer Bursch, Esq.                             *COUNSEL FOR CO-DEFENDANTS*
Jordon N. Bursch, Esq.
Nathan Klein, Esq.                                *MATTHEW JOHNSON and WRSP, LLC*
TYLER & BURSCH, LLP
24910 Las Brisas Road, Suite 110
Murrieta, California 92562
(951) 600-2733
(951) 600-4996 Fax
*e-mail: jbursch@tylerbursch.com*
*e-mail: jnbursch@tylerbursch.com*
*email: nklein@tylerbursch.com*
*e-mail: skenney@tylerbursch.com*

# EXHIBIT D

2017-05-12 Judgment (RIC1411077)

EXHIBIT D

RECEIVED
4/3/2017

1   TYLER & BURSCH, LLP
    Jennifer L. Bursch, State Bar No. 245512
2   Nathan R. Klein, State Bar No. 306268
    24910 Las Brisas Road, Suite 110
3   Murrieta, California 92562
    Telephone:    (951) 600-2733
4   Attorneys for Defendants **MATTHEW
    JOHNSON** and **WRSP, LLC**
5

6   CREASON & AARVIG, LLP
    Maria K. Aarvig, State Bar No. 146671
7   3963 Eleventh Street
    Riverside, California 92501
8   Telephone:    (951) 788-0977
    Attorneys for Defendant **CITY OF PERRIS**
9

10  FIDELITY NATIONAL LAW GROUP
    Raymond Perez, Jr., State Bar No. 210595
11  915 Wilshire Blvd., Suite 2100
    Los Angeles, California 90017
12  Telephone:    (213) 438-4403
    Attorneys for Defendant **COMMONWEALTH
13  LAND TITLE INSURANCE COMPANY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 12 2017

L. Howell

MAY 15 2017

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15              **FOR THE COUNTY OF RIVERSIDE**

16  S. EMANUEL LIN,                          Case No. RIC 1411077

17          Plaintiff,                       **[PROPOSED] JUDGMENT**

18      v.

19  CITY OF PERRIS, MATTHEW JOHNSON,
    WSRP, LLC, WRSP, LLC; and DOES 1
20  through 10, inclusive,

21          Defendants.

22  S. EMANUEL LIN,                          Case No. RIC 1500781

23          Plaintiff,

24      v.

25  COMMONWEALTH LAND TITLE
    INSURANCE COMPANY,
26
            Defendants.
27

28

1        On January 13, 2017, on the record before the Honorable Judge Gary B. Tranbarger ("Judge

2    Tranbarger"), Plaintiff S. Emanuel Lin ("Plaintiff") agreed to globally settle the lawsuit against

3    Defendants City of Perris ("City"), Matthew Johnson ("Johnson"), WRSP, LLC ("WRSP")

4    (RIC1411077), and against Defendant Commonwealth Land Title Insurance Company

5    ("Commonwealth") in related case number RIC1500781.  On March 28, 2017, the Court granted

6    the motions of the defendants in both cases to enforce the settlement and reduce the terms of the

7    settlement to a joint judgment, to be entered in both cases.

8        NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT pursuant to

9    the settlement put on the record on January 13, 2017, judgment is entered as follows:

10       1.    The case entitled *Lin v. City of Perris, et al.*, case number RIC1411077 is dismissed

11    in its entirety with prejudice;

12       2.    The case entitled *Lin v. Commonwealth Land Title Co., et al.*, case number *City of*

13    *Perris, et al.*, case number RIC1500781 is dismissed in its entirety with prejudice *upon* _payment to Plaintiff as provided herein._

14       3.    Plaintiff S. Emanuel Lin is barred from renewing and generally releases all known

15    claims arising out of the allegations made in case number RIC1411077 and RIC1500781; _Plaintiff_ _does not waive his rights under California Civil Code Section 1542._

16       4.    Plaintiff shall ~~immediately~~ dismiss his pending appeal; Court of Appeal case number:

17    E067323;

18       5.    The City waives its right to collect sanctions that have previously been awarded

19    against the Plaintiff in this action and waives the right to collect costs from the Plaintiff;

20       6.    Plaintiff is barred from initiating legal action against the City for acts undertaken by

21    the City to accommodate the terms of the judgment; _As provided in Item 9 below,_ including modifications to the subject _conditional use permit, issuing permits, or_ certificates of occupancy in order to relocate the fence.

22       7.    This judgment does not constitute conveyance of any easement, right, or title to that

23    strip of land commonly referred to as Bellamo Lane;

24       8.    WRSP and Johnson waive their rights to collect sanctions that have previously been

25    awarded against the Plaintiff and waive the right to collect costs from the Plaintiff;

26       9.    WRSP and Johnson shall relocate the fence bordering the west side of Bellamo Lane

27    to the east side of Bellamo Lane.  WRSP and Johnson shall attempt to relocate the fence no less than

28    44 feet from Plaintiff's property line, except where rock outcroppings prevent this, and in such

1   places the fence shall be moved as far as practicable to the east side of Bellamo Lane and shall abut

2   said rock outcroppings;

3         10.     WRSP and Johnson shall relocate the vehicle gate entrance that is currently located

4   near the northeast corner of Plaintiff's property to the southeast corner of Plaintiff's property; w*th*

    *Ninety (90) days of the entry of judgment.*

5         11.     Commonwealth shall pay to Plaintiff thirty-thousand dollars ($30,000) based on

6   insurance Policy No. 603-162750. Said policy shall fully extinguish immediately upon payment to

7   the Plaintiff;

8         12.     This judgment is not and shall not be construed as an admission of liability by any

9   of the parties;

10        13.     This judgment shall have no bearing or effect on the cross-complaint between City

11   and Johnson and WRSP;

12       ~~14.     Johnson and WRSP's obligations shall be completed within ninety (90) days from~~

13   ~~the date of expiration of Plaintiff's right to appeal this judgment;~~

14       ~~15.     Commonwealth's obligation shall be completed within thirty (30) days from the date~~

15   ~~of expiration of Plaintiff's right to appeal this judgment.~~

16

17   Dated: 5/12/17

18                                        THE HONORABLE JUDGE

19                                      SUNSHINE S. SYKES

# EXHIBIT E

2019-02-27  California Franchise Tax Board's
response to Lin's Public Records Act Request

EXHIBIT E

 Gmail                                      Emanuel Lin <linemanuel@gmail.com>

## Franchise Tax Board: Public Records Act Request

**DisclosurePRA** <DisclosurePRA@ftb.ca.gov>                  Wed, Feb 27, 2019 at 6:55 PM
To: Emanuel Lin <linemanuel@gmail.com>

Good afternoon,

Please see the attached letter for our response to your Public Records Act request.

Thank you,

**Franchise Tax Board | Disclosure Office**

PO Box 1468 MS A-181 | Sacramento, CA 95812-1468

**Tel  916.845.3226 | Fax  916.845.4849**

 STATE OF CALIFORNIA
**Franchise Tax Board**

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

📄 **19-00116 PRA Response.pdf**
132K

**FTB**
**Franchise Tax Board**
DISCLOSURE SECTION MS A181
PO BOX 1468
SACRAMENTO CA 95812-1468

chair Betty T. Yee | member Malia M. Cohen | member Keely Bosler

02.27.19

S. EMANUEL LIN
3527 WOODVALLEY DR.
HOUSTON, TX 77025

RE:    PUBLIC RECORDS ACT REQUEST

Dear Mr. Lin:

We are responding to your correspondence (copy enclosed), received 01.30.19, under the Public Records Act, Government Code Section 6250 *et seq.*

Under Revenue and Taxation Code Section 19543, only certain business entity information is public information. The public information available for this entity is as follows:

| | |
|---|---|
| BUSINESS ENTITY NAME | WRSP, LLC |
| CORPORATE/LLC NUMBER | 201236210436 |
| ADDRESS | 25890 Chambers Ave. Sun City, CA 92586-2340 |
| INCORPORATION OR QUALIFICATION DATE | 12.17.12 |
| EXEMPT STATUS | None |
| ACCOUNT PERIOD ENDING DATE | 12.31 |
| DUE DATE OF RETURN | 03.15 |
| TOTAL BALANCE DUE | $156.87 |
| NAME, DATE, AND TITLE OF PERSON SIGNING AFFIDAVIT TO THE RETURN | Not available; 12.28.18 |
| STATUS | Suspended 06.01.18; Non-filing |
| LAST RETURN FILED | 2013 |
| CLASSIFICATION | LLC Single Member |

If we can be of further assistance, you may contact us at the telephone number indicated below.

Sincerely,

*Grace LeBleu*

Grace LeBleu
Disclosure Specialist
(916) 845-3226

Enclosures

tel 916.845.3226     fax 916.845.4849     ftb.ca.gov

**DisclosurePRA**

**From:**        Emanuel Lin <linemanuel@gmail.com>
**Sent:**        Wednesday, January 30, 2019 9:15 AM
**To:**          DisclosurePRA
**Subject:**     Records pertaining to FTB Suspension of WRSP, LLC (Entity # 201236210436)

Dear FTB Record Officer,
    Good morning.
    May I request records pertaining to FTB Suspension of WRSP, LLC (Entity #
201236210436) be furnished to this email address? Thank you.
    Sincerely
    S. Emanuel Lin
    3527 Woodvalley Dr, Houston, TX 77025
    (713) 858-2462

CASE #:19-00116

RECEIVED

Jan 30, 2019

BY: DISCLOSURE OFFICE

# EXHIBIT F

## 2019-04-11  Lin's Public Record Act Request (Item #75-93)

EXHIBIT F

 Gmail

Emanuel Lin <linemanuel@gmail.com>

## Public Record Act Request No. 9 (Item #75~93)

**Emanuel Lin** <linemanuel@gmail.com>                   Thu, Apr 11, 2019 at 11:29 AM
To: cityclerk@cityofperris.org
Bcc: linemanuel <linemanuel@gmail.com>

Dear Honorable Clerk of City of Perris,

In accordance with *California Public Record Act* (Government Code §§ 6250 - 6276.48), I hereby respectfully seek the production and delivery of ONLY electronic copy of following updated or not-yet-requested records to my email address at LinEmanuel@gmail.com:

75. Certificate of Occupancy(ies) for the facilities/improvements erected on the Premises (APN 313-180-013) to establish a private outdoor archery and shooting range consistent with CUP 12-11-0007.

76. Record pertaining to City's seeking compliance with or waiver of the requirement of securing a Certificate of Occupancy(ies) for the facilities/improvements erected on the Premises (APN 313-180-013) prior to WRSP, LLC/Mr. Matthew Johnson/WSRP, LLC's operating the subject private outdoor archery and shooting range consistent with CUP 12-11-0007.

77. City of Perris' business license required under paragraph 8 on page 2 of *Final Conditions Approval* dated 2/20/2013 for CUP 12-11-0007.

78. Amendment to *Final Conditions Approval* dated 2/20/2013 for CUP 12-11-0007.

79. Record pertaining to City's seeking compliance with City of Perris' business license requirement under paragraph 8 on page 2 of *Final Conditions Approval* dated 2/20/2013 for CUP 12-11-0007, including pertinent law/statute/ordinance that does not require a "private club" in the City of Perris to secure City's business license.

80. Certificate of Comprehensive General Liability Insurance for the coverage period from 10/30/2017 through 10/30/2018, a copy of which is required to be furnished to City of Perris under express provision 4.01 Insurance of *Ground Lease Agreement* entered on 11/7/2013 between Lessor City of Perris and Lessee WSRP, LLC.

81. Certificate of Comprehensive General Liability Insurance for the coverage period from 10/30/2018 through 10/30/2019, a copy of which is required to be furnished to City of Perris under express provision 4.01 Insurance of *Ground Lease Agreement* entered on 11/7/2013 between Lessor City of Perris and Lessee WSRP, LLC.

82. Record pertaining to City's seeking compliance from WRSP, LLC/Mr. Matthew Johnson/WSRP, LLC for procuring Comprehensive General Liability Insurance under express provision 4.01 Insurance of *Ground Lease Agreement* entered on 11/7/2013 between Lessor City of Perris and Lessee WSRP, LLC since its singing.

83. Amendment(s) to *Ground Lease Agreement* entered on 11/7/2013 between Lessor City of Perris and Lessee WSRP, LLC.

84. I was furnished on 7/21/2014 under PRA Request No. 1 a Permit #13110097 that was issued to WRSP, LLC on 3/13/2014 "FOR A 4500 SQ FT COVERED SHOOTING AREA AND BATHROOMS 162 SQ FT." Please provide any permit issued for the construction of the remainder, i.e. excluding the said covered structure, of the corresponding pistol shooting range as shown in a photo DSCF7930 taken on April 29, 2016 below.



85. Record pertaining to City's seeking compliance from, or remedies by WSRP, LLC/Mr. Matthew Johnson/WRSP, LLC for subject covered structure's or other im-provement's (*See* photo DSCF7930) violations of City's setback ordinance.

86. Permits issued for the construction of rifle range along the eastern boundary of Lots 12 and 13 in APN 313-180-013 and bound by W. Ellis Ave. on the south as shown in a photo DSCF7944 taken on April 29, 2016 below since 2/20/2013.



87. Permits issued for the construction of shooting area shown in a photo DSCF3223 taken on 1/26/2019 characterized with a net overhead between the existing pistol range (*See* photo DSCF7930) and rifle range (*See* photo DSCF7944) since 2/20/2013.



88. Permit issued for the erection of "container shack", placement of live-stock transporting trailer, and the piling of dirt shown in photo DSCF3336 taken on 1/26/ 2019 below.



89. Record pertaining to inspections performed on the construction of rifle range. (*See* photo DSCF7944)

90. Record pertaining to inspections performed on shooting area (*See* photo DSCF3223) between the subject pistol range (*See* photo DSCF7930) and the subject rifle range (*See* photo DSCF7944).

91. Record pertaining to inspections performed on "container shack" area (*See* photo DSCF3336).

92. Record pertaining to fire code inspections performed by the Office of Fire Marshal of City of Perris on subject outdoor gun range located on City's land (APN 313-180-013).

93. Records pertaining to City of Perris' action on matters contained in subject *Settlement and Mutual Release Agreement* after its approval by the City Council on 2/15/2017.

Your assistance is greatly appreciated.
Sincerely
S. Emanuel Lin
3527 Woodvalley Drive, Houston, TX 77025
(713) 858-2462

EXHIBIT G

**2019-04-22  City of Perris' response to
Lin's Public Record Act requests**

EXHIBIT G



*Law Offices of*

# Aarvig & Associates

*A Professional Corporation*

Maria K. Aarvig
Diane K. Huntley
Amy J. Osborne
William A. Pennell

101 E. Redlands Boulevard
Suite 275
Redlands, CA 92373
(951) 788-0977
Fax (951) 788-0870
maarvig@aarviglaw.com

April 22, 2018

S. Emanuel Lin
3527 Woodvalley Dr.
Houston, Texas 77025-4232

*Email only to: LinEmanuel@gmail.com*

Re:   "9th" Public Records Act Request To City of Perris (Items 75-93)

Dear Mr. Lin:

As you are aware, our office is acting as legal counsel to the City of Perris in this matter, and we have been requested to assist in responding to your most recent Public Records Act request. You entitle this the "9th Public Records Act Request,", but it is actually the 10th.   The enumerated requests are numbered 75 through 93.   We have been authorized to give you this response.

Pursuant to your request that the documents be submitted electronically to your email address, the City responds as follows:

   75. The City has no documents responsive to this request.

   76. The City has no documents responsive to this request.

   77. The City has no documents responsive to this request.

   78. The final Condition of Approval dated February 20, 2013 is attached to this letter.

   79. The City has no documents responsive to this request.

   80. A copy of the WRSP General Liability Certificate for 2017-2018 is attached to this letter.

Mr. S. Emanuel Lin
Re:     **S. Emanuel Lin v. City of Perris, et al.**
April 22, 2019
Page 2

81.     A copy of the WRSP General Liability Certificate for 2018-2019 is attached to this letter.

82.     The City has no documents responsive to this request.

83.     The City has no documents responsive to this request.

84.     The City has no documents responsive to this request.

85.     The City has no documents responsive to this request.

86.     The City has no documents responsive to this request.

87.     The City has no documents responsive to this request.

88.     The City has no documents responsive to this request.

89.     The City has no documents responsive to this request.

90.     The City has no documents responsive to this request.

91.     The City has no documents responsive to this request.

92.     A copy of the City's fire inspection is attached to this letter.

93.     Copies of the 2/14/17 minutes and the Settlement and Mutual Release Agreement executed by Mayor Michael Vargas on 2/14/17 are attached to this letter.

Should you have any questions or concerns, please feel free to contact our office.

Very truly yours,

AARVIG & ASSOCIATES, APC

DIANE K. HUNTLEY, ESQ.

DKH:lcj
Encls.