1  S. Emanuel Lin *in pro per*
2  3527 Woodvalley Drive
3  Houston, Texas 77025-4232
4  LinEmanuel@gmail.com
5  (713) 858-2462
6

7  **United State District Court**
8  **Central District of California**
9

10  S. EMANUEL LIN                         Case No. 5:19-CV-00966-DMG-SP
11                          *Plaintiff*
12              *v.*                        ***First-Amended Complaint***
13  (1)  CITY OF PERRIS,                    **(1) 18 U.S.C. §§1962(a), 1962(b),**
14  (2)  MATTHEW JOHNSON,                       **1962(c), 1964(c)(CIVIL RICO)**
15  (3)  WRSP, LLC,                         **(2) 18 U.S.C. §1962(d)**
16  (4)  WSRP, LLC,                             **(CIVIL RICO CONSPIRACY);**
17  (5)  DOES 1~10
18                          *Defendants*
19
20  TO THE HONORABLE COURT

21
22              I. INTRODUCTION

23      1.    On April 5, 1979, LIN purchased a parcel of 10 acres

24  land (APN 326-250-011) commonly addressed as 23886 Bellamo

25  Lane, Perris, CA 92570. For the following 35 years, LIN was able

26  to access his property through a partially dedicated public street,

27  Bellamo Lane, fronting the entire width of his eastern property

28  line at approximately 659 feet. (*See* Photo 01 below)



2.     In November 2012, defendant MATTHEW JOHNSON ("JOHNSON") applied for a Conditional Use Permit No. 12-11-0007 ("CUP") with defendant CITY OF PERRIS ("CITY") to establish a private membership-only outdoor shooting and archery range on a parcel of CITY's public land (APN 313-180-013) that adjoins LIN's property to the east through a shared Bellamo Lane.

3.     On December 17, 2012, about a month after his CUP application, JOHNSON formed a limited liability company, defendant WRSP, LLC, ("WRSP"), with California Secretary of State to run a gun range business.

4.     After conducting *Initial Study*, the lead public agency

1   CITY OF PERRIS adopted a *Mitigated Negative Declaration* on Feb-

2   ruary 20, 2013 granting JOHNSON the subject CUP under an

3   agreed *Final Conditions of Approval* which specifically required:

4   **_Final Conditions of Approval_** (p 4, Exhibit [EX01])

5   ¶25. Prior to issuance of permits, the applicant shall be
6   required to demonstrate to the City that all improve-
7   ments and proposed fencing are located outside the
8   road dedication along Bellamo ~~Avenue~~ Lane.

9   5.      However, during the construction of the subject gun

10  range in 2014, defendants JOHNSON, WRSP, and WSRP (Collec-

11  tively "JOHNSON̲S̲") installed a chain-link fence on LIN's prop-

12  erty line fronting the Bellamo Lane, and a yellow steel gate across



13
14                  Photo DSCF5005 on 11/20/2014 3:35 p.m.

1  the said public street, totally blocking his decades-old access to

2  his property (*See* Photo DSCF5005 above).

3        6.  JOHNSON<u>S</u> also built a covered structure, 30 feet wide

4  and 160 feet long, for pistol range in the middle of 44'-wide Bel-

5  lamo Lane dedication (*See* Google aerial photo below)



6

7  Google aerial photo – Covered structure on Bellamo Lane

8        7.  Having the ordinary access to his property blocked

9  due to the closure of Bellamo Lane, LIN filed suit on November

10  18, 2014 in Superior Court of Riverside County, styled as *S. Eman-*

11  *uel Lin v. City of Perris, Matthew Johnson, WSRP LLC, WRSP LLC* (

12  Case no. 1411077).

13        8.  On January 13, 2017, JOHNSON, WRSP, counsel for

1    CITY and LIN orally stipulated before the court certain terms of

2    settlement.

3         9.    On May 12, 2017, a final *Judgment* ([EX04]) was en-

4    tered on a motion to enforce the said oral settlement pursuant to

5    California *Code of Civil Procedure* (CCP) §664.6, dismissing RIC14

6    11077 on *Plaintiff's 1st Amended Complaint.*

7         10.   The final *Judgment* specifically preserved LIN's right

8    of action for new post-settlement injuries:

9         **Final Judgment (RIC1411077)**

10   ¶3. Plaintiff S. Emanuel Lin is barred from renewing
11        and generally releases all known claims arising out
12        of the allegations made in case number RIC14
13        11077 and RIC1500781; *Plaintiff does not waive his*
14        *rights under California Civil Code Section 1542.*
15        [*italic* as hand-written in original] (p2, [EX04])

16              II. Post-settlement Incident That
17              Triggered the Instant Action
18

19        11.   On August 21, 2018, LIN discovered by accident that

20   California Franchise Tax Board ("FTB") has suspended as of June

21   1, 2018 ([EX05]) defendant WRSP, LLC's exercise of "corporate

1  powers, rights and privileges of a domestic taxpayer" to operate

2  the subject gun range under California *Revenue &Taxation Code*

3  ("RTC") § 23301 for failure to pay taxes.

4          12.    Upon FTB's suspension, WRSP's gun range business on

5  CITY's *Premises* should have ceased, and CITY should have barred

6  such business to continue as of June 1, 2018 without an effective

7  CUP and a valid *Lease* contract.

8          13. However, LIN witnessed the unceasing gun range oper-

9  ation on the *Premise* on 9/22/2018 and 9/29/2018. (Photo DSCF

10  2662 for the former date)



11
12          Photo DSCF2662 on 9/22/2018 10:02 a.m.

1    14.   On 1/26/2019, LIN witnessed the delivery of addi-

2  tional dirt to the existing piles of dirt for gun range's continuing

3  operation. (Photo DSCF3327)



4
5         Photo DSCF3327 on 1/26/2019 5:08 p.m.

6    15.   Counsels for Defendants CITY, JOHNSON and WRSP

7  heard of WRSP's FTB suspension as of June 1, 2018 under RTC §

8  23301 from LIN's oral argument before Fourth District Court of

9  Appeals in Riverside on October 3, 2018, and have been fully

10  aware of JOHNSON<u>S</u>' running its gun range without needed li-

11  cense and certificate on its *Premises* since its opening on Novem-

12  ber 8, 2014. However, gun range business continues as usual, and

1    CITY made no effort to halt such illegal business on its *Premises*.

2        16.   The extent of WRSP's failure to pay taxes was not

3    known until 2/27/2019 when LIN received an FTB response to

4    his *Public Record Act* request showing its "LAST RETURN FILED

5    2013"(p2 [EX05]).

6        17.   The said FTB's response revealed that WRSP, i.e. the re-

7    sponsible tax payer defendant MATTHEW JOHNSON, has filed no

8    state income tax return for thousands of dollars membership fees

9    it has collected since its opening on November 8, 2014 for the last

10   five years while illegally running the gun range under CITY's

11   sanction without a *City Business License* and without a *Certificate*

12   *of Occupancy* (*See* [EX07] - City's response to LIN's *Public Record*

13   *Act* request #77 & #75 respectively in [EX06]).

14       18.   Under ¶3 of final settlement *Judgment* (p2, line 14, [EX

15   04]) that "*Plaintiff does not waive his rights under California Civil*

16   *Code Section 1542*", plaintiff LIN hereby commences the instant

17   action on new post-settlement injuries sustained by him and to

1    his property pursuant to *Government Claims Act* (*Government*

2    *Code* §§810~998.3) arising under previously unknown and unex-

3    pected event of FTB's suspension on June 1, 2018 of WRSP, LLC's

4    exercise of its powers, rights and privileges to operate in gun

5    range business.

6         19.    The subject FTB's suspension exposed to the public

7    WRSP's daring multi-year tax evasion, and caused LIN to realize

8    what underneath their multi-year intentional illegal construc-

9    tion and operation of the subject gun range is actually the activi-

10   ties of a WRSP racketeering enterprise being aided and abetted by

11   a public law enforcement entity CITY OF PERRIS within its juris-

12   diction and a Lessor in a non-public business transaction.

13
14                              III. PARTIES

15                              A. Plaintiff

16        20.    S. EMANUEL LIN is a citizen of Texas since 1984 and a

17   U. S. citizen who bought the subject 10-acre property (APN 326-

18   250-011) in 1979 improved with 2" water meter and a farm

1    house. It is located about 1.5 miles from Metro Light Rail Station

2    in downtown Perris, and adjoins the subject gun range *Premises*

3    (APN 313-180-013) to the east on a shared boundary line 659 feet

4    in length.

5                   B. Defendants

6         21.   CITY OF PERRIS is a general law city pursuant to Cali-

7    fornia *Government Code* §36501 and is a public entity within the

8    meaning of *Government Code* §811.2. It is located within the ju-

9    risdiction of Central District of California in County of Riverside,

10   California, and a fee owner/Lessor of a parcel of ~36.38 acres of

11   public land, identified as "the *Premises*" (APN 313-180-013) in a

12   *Ground Lease Agreement* ([EX02]) for Lessee defendant WSRP, LLC

13   to construct and operate the subject private outdoor gun range

14   consistent with subject CUP.

15        22.   MATTHEW JOHSNON, an individual, was granted a

16   CUP on February 20, 2013 to develop the subject private outdoor

17   shooting range.

23.   WRSP, LLC was a California limited liability company organized by MATTHEW JOHNSON with Secretary of State of California on 12/17/2012 for the development, construction and operation of subject outdoor shooting range. However, California Franchise Tax Board suspended the exercise of its "corporate powers, rights and privileges" to run a gun range business under *Revenue and Taxation Code* §23301 as of 6/1/2018 for failure to file state income tax returns since 2014. ([EX05])

24.   WSRP, LLC was the Lessee who entered into the subject *Ground Lease Agreement* as a DBA business entity affiliated with WRSP, LLC pursuant to California *Business and Professions Code* §17900(b)(5) and §17910.5(b) through "Its: Manager" MATTHEW JOHNSON with Lessor CITY OF PERRIS on 11/7/2013.

25.   DOES 1 ~ 10 are unknown persons or entities who may have some interest in the leased land or involvement in the design, construction, finance and operation of subject proposed outdoor gun range. Plaintiff LIN reserves the right to amend his

11     *Plaintiff's 1st-Amended Complaint*

1    complaint to include any and all other corporations, business en-

2    tities, or persons affiliated in any way with Defendants which are

3    or may be responsible for or involved with the wrongful conduct

4    alleged herein.

5
6                          IV. JURISDICTION AND VENUE

7         26.    This Court has original jurisdiction under 28 U.S.C. §

8    1332 *Diversity of Citizenship* over instant civil action where the

9    matter in controversy exceeds $75,000 for damages excluding

10   interests and costs to a valuable 10-acre property with water,

11   power, and Highest Density Residential (or R7) zoning. It is an ac-

12   tion between citizens of different States where LIN is a citizen of

13   Texas, and all defendants are citizens of California.

14        27.    This Court has jurisdiction over this action pursuant

15   to 28 U.S.C. § 1331 *Federal questions*, 18 U.S.C. §1964(a) and (c)

16   *Civil Remedies* and §1965(a) *Venue & Process*, as LIN asserts claims

17   under 18 U.S.C. § 1962(a), (c) and (d).

18        28.    This Court may exercise supplemental jurisdiction

1    over LIN's common law and state law claims pursuant to 28

2    U.S.C. §1367 *Supplemental jurisdiction.*

3        29.   Venue in the Central District of California is appropri-

4    ate under 28 U.S.C. §1391(b) because it is the district in which a

5    substantial part of the actions giving rise to the claims occurred,

6    and it is the district in which the subject gun range and LIN's ad-

7    joining property are situated.

8
9                        V. The Racketeering Enterprise

10       30.   MATTHEW JOHNSON, together with his wife Mrs. Ka-

11   ren Johnson and its conspirator CITY OF PERRIS, his gun range

12   employees, his legal counsel, and others known and unknown,

13   comprised an organized WRSP racketeering enterprise ("the En-

14   terprise") whose leader defendant JOHNSON, inner circle, mem-

15   bers and associates engaged in, among other things, numerous

16   following acts that exhibit a unique pattern of racketeering activi-

17   ties that was not discovered until August 21, 2018:

18       (a) Tax Evasion. (26 U.S.C. §7203 - *Willful failure to file*

13      *Plaintiff's 1st-Amended Complaint*

1    *return, supply information, or pay tax,* §6050I, and

2    related State statutes)

3    (b) Conspiracy to Commit Tax Evasion. (26 U.S.C.

4    §7201 - *Attempt to evade or defeat tax,* and related

5    State statutes)

6    (c) Wire Fraud. (18 U.S.C. §1343 – *Fraud by wire, radio,*

7    *or television*)

8    (d) Accepting illegal payments of usage fees from its

9    members on a gun range that should not have been

10   in operation for failure to acquire a City Business

11   License and Certificate of Occupancy, and from

12   non-members, such as firearm training business

13   entities, churches, and organizations affiliated to

14   law enforcement agencies, for the use of subject fa-

15   cility.

16   (e) Honest-service fraud (18 U.S.C. §1346) by its con-

17   spirator CITY OF PERRIS in aiding and abetting

1          WRSP racketeering enterprise by sanctioning vari-

2          ous land use violations, such as blocking LIN's ac-

3          cess to his property through a public street, and by

4          issuing a false *Negative Mitigated Declaration* de-

5          claring the subject gun range site is not located in

6          the airport influence areas for the Enterprise to

7          evade federal and state aeronautic and CEQA regu-

8          lations.

9     (f) Issuing an interstate communication on 1/12/

10         2017 on conspirator CITY OF PERRIS' sham motion

11         for $78,650 sanction with intent to extort LIN un-

12         less he withdrew his lawsuit (RIC1411077) not

13         only against the CITY, but its cross-defendants

14         MATTHEW JOHNSON and WRSP, LLC to whom

15         CITY had sought recovery in its cross-complaint

16         filed on 8/30/2016 for the same cost of defending

17         LIN's lawsuit under indemnity clause in the par-

1        ties' CUP & the Lease.

2        31. By the reason of predicate acts above, LIN had endured

3    direct injuries on a restrained First Amendment right to petition

4    the court for redress of grievance. He also endured direct injuries

5    on restrained land use rights for the blocking of his access to his

6    property via a public street and on a diminished value to his prop-

7    erty, especially arising under WRSP Enterprise's continuing op-

8    eration of the gun range business on the adjoining *Premises* under

9    its conspirator CITY OF PERRIS' known sanction upon FTB's June

10   1, 2018 suspension for the Enterprise's failure to file state income

11   tax returns since 2014.

12       32.   WRSP gun range organization including its founder

13   JOHNSON, conspirator CITY, members, and associates, consti-

14   tuted an "enterprise," as defined by 18 U.S.C. §§1959(b)(2) and

15   1961(4), and each defendant is a "person", i.e. an individual or en-

16   tity capable of holding a legal or beneficial interest in property.

17       33.   In addition, the Enterprise also includes a group of in-

dividuals associated in fact, who although may not be a legal en-

tity, but is also likewise engaged in, and the activities of which

affect, interstate & foreign commerce as some of the subject pri-

vate gun range users acquired their firearms and ammunitions

with interstate commerce nexus, and many of handguns, shot-

guns and rifles used on the *Premises* are manufactured also in an-

other states, and in foreign countries like the popular Glock from

Austria, Taurus from Brazil and Beretta from Italy.

34.   Thus WRSP Enterprise's illegal gun range business is

engaged in, and the activities of which affect, interstate and for-

eign commerce.

35.   The enterprise constituted an ongoing organization

whose members & associates functioned as a continuing unit for

a common purpose of achieving the objectives of the enterprise.

36.   Defendant MATTHEW JOHNSON is the principal lead-

ing every aspect of WRSP Enterprise's gun range development,

construction and operation on the *Premises* and online since the

1  granting of the subject CUP to him on February 20, 2013, and

2  even after California Franchise Tax Board's (FTB) suspension of

3  WRSP, LLC's exercise of its rights and privilege to conduct the

4  subject gun range business on June 1, 2018.

5      37.   Defendant CITY OF PERRIS is a conspirator in aiding

6  and abetting WRSP Enterprise through its association as a public

7  entity in adopting a false *Mitigated Negative Declaration* on 2/20/

8  2013 for applicant defendant MATTHEW JOHNSON to evade fed-

9  eral and state aeronautic regulations in constructing the subject

10  gun range in the airport influence areas without prior *Notice* to

11  FAA and state permit, and sanctioned other land use violations in

12  the construction and operation of the same.

13      38.   The defendant conspirator CITY OF PERRIS is also as-

14  sociated with the Enterprise as a Lessor in granting on November

15  7, 2013 a leasehold interests in a parcel of its public land, the

16  *Premises*, approximately 36.38 acres in size, to Lessee WSRP, LLC

17  to develop, construct and operate the subject private outdoor gun

1    range in accordance with the subject conditional use permit.

2
3                    VI. Objectives of the Enterprise

4        39.   The objectives of the Enterprise have been to acquire

5    by following false and fraudulent means and pretenses to un-

6    justly enrich JOHNSON:

7        (a) by evading land use regulations to expedite, reduce

8            cost, and maximize the profit in the construction,

9            operation of a private outdoor shooting range un-

10           der the sanction of conspirator CITY,

11       (b) by concealing the crucial fact that WRSP gun range

12           business has not been legally established to oper-

13           ate, and by making or causing others to make false

14           communication over the internet throughout the

15           years since 2014, such as those on its www.face-

16           book.com/PerrisRange, to convey the false image

17           of an otherwise illegal business so as to induce fur-

18           ther illegal use of the subject facility that perpetu-

1          ally sustains and expands the Enterprise for activi-

2          ties that affected the interstate and foreign com-

3          merce, to unjustly enrich JOHNSON.

4      40.   WRSP Enterprise operates mostly within the Central

5  District of California.

### VII. Means & Methods of the Enterprise

#### A. the Enterprise

9      41.   Among the means and methods by which WRSP En-

10  terprise and their associates participated in carrying out its rack-

11  eteering activities for the purpose of injuring LIN and his adjoin-

12  ing property were the following:

13      (a) Posting and causing others to post favorable com-

14          ments of the gun range on its facebook.com/Perris-

15          Range web pages in promoting, enhancing and

16          protecting the Enterprise without disclosing the

17          material facts that subject gun range had been ille-

18          gally built and operated without required permits,

1    license and certificate;

2    (b) Committing, attempting and conspiring to commit

3    crimes, including but not limited to fraud by pre-

4    senting a fraudulent restricted appraisal report on

5    the value of LIN's 10 acres property at $120,000 on

6    January 10, 2017 as a settlement offer in an at-

7    tempt to steal it for the expansion of WRSP Enter-

8    prise.

9    (c) Threatening to "take over" LIN's adjoining property

10    to further Enterprise's racketeering activities,

11    (d) Failing to file multi-year federal and state income

12    tax returns so as to divert more fund to sustain and

13    expand the Enterprise;

14    (e) Cultivating formidable allies with CITY officials

15    and Council members, surrounding communities,

16    and governing law enforcement agencies by gain-

17    ing political influence through placing ads on its

1                face-book.com/PerrisRange web pages in support

2                of certain candidates' campaign for election or re-

3                election, and by hosting/sponsoring events for the

4                benefits of (1) local churches, (2) regional political

5                parties, and (3) law enforcement agencies, such as

6                Riverside County Sheriffs, which has direct au-

7                thority to investigate wrong doing or enforce the

8                law over gun range operation,

9      (f) Evading federal and state aeronautic regulations by

10              failure to file required *Notice* and to seek State per-

11              mit prior to its construction;

12      (g) Failing to confine the gun range's bullets within

13              the four corners of the site's boundaries and failing

14              to prevent bullets from penetrating into navigable

15              public airspace in airport influence areas that

16              gravely affect the interstate and foreign com-

17              merce.

(h) Using abusive litigation tactics and misrepresenta-
tions to secure a $5,760 sanction award against
LIN even when LIN has timely e-served his fourth
motion to file second-amended complaint (SAC)
two calendar days on Columbus Day Monday
10/10/2016 before the required filing date and af-
ter the hearing of the said Motion has been contin-
ued from November 3, to November 17, 2016.

(i) Using abusive litigation tactics and misrepresenta-
tions to prevent from filing new causes of action
pertaining to JOHNSONS' tax evasion, failure to file
*Notice* to FAA and failure to secure a permit from
State aeronautic agency prior to the construction
of subject gun range, running gun range without a
CITY business license & a Certificate of Occupancy,
and other land use violations in the construction of
the subject gun range by the Enterprise.

(j) Continuing the gun range business on the *Premises* after California Franchise Tax Board had suspended on June 1, 2018 WRSP, LLC's exercise of corporate powers, rights and privileges under RTC §23301 to operate the subject gun range for WRSP, LLC's failure to file state income tax returns since 2014.

(k) Accepting illegal payments since its opening on November 8, 2014 on thousands of dollars of fees from its members who were not informed of the Enterprise's illegal operation of the subject gun range, from third-party event sponsorships and firearm trainings on the *Premises*, and many walk-in trap shooters.

(l) Doubling the size of original proposed pistol range and adding a new one between the pistol and rifle ranges.

1     (m) Failing to pay property tax on WSRP, LLC's private

2         lease hold interests in the non-taxable public

3         land, the *Premises*.

4     (n) Threatening to "take over" LIN's subject 10-acre

5         property by defendant MATTHEW JOHNSON, and

6         to call Riverside County Sheriff to have LIN ar-

7         rested by a pistol range user in plain cloth with a

8         pistol on his waist band and claiming to be the Riv-

9         erside County Sheriff when LIN has permission to

10         walk over his neighbor Mr. Ed Roberts' land and

11         was on Roberts' 20' road easement (Grant Deed

12         Book 1723, page 16 on 4/13/1955) along the Bel-

13         lamo Lane and 50'-wide dedication on June 28,

14         1972 (Record # 1972-85325) to W. Ellis Avenue.

15         B. the Enterprise's Conspirator

16     42.   Among the means and methods by which WRSP En-

17 terprise's conspirator CITY OF PERRIS participated in aiding and

1    abetting Enterprise's racketeering activities for the purpose of in-

2    juring LIN and his adjoining property were as follows:

3       (a) Granting on 2/20/2013 a CUP 12-11-0007 under a

4           false *Mitigated Negative Declaration* declaring the

5           subject project site is not in the airport influence

6           areas for WRSP Enterprise to evade federal and

7           state aeronautic regulations without Notice to FAA

8           and state permit prior to the construction of sub-

9           ject gun range,

10      (b) Issuing a permit for the construction of a 30'-wide

11          160'-long covered structure for pistol range in the

12          middle of a 44'-wide Bellamo Lane dedication in vi-

13          olation of ¶25 of *Final Conditions of Approval* (p 4,

14          [EX01]),

15      (c) Permitting the blocking of LIN's decades-old access

16          to his property for the erection of a chain-link fence

17          on his east property line fronting Bellamo Lane for

1          approximately 659' and a yellow steel gate across

2          the said public street,

3      (d) Knowingly permitting gun range to operate on its

4          *Premises* without CITY business license and a Cer-

5          tificate of Occupancy,

6      (e) Failing to notify the Riverside County tax assessor

7          of its granting a conditional use permit on the

8          *Premises* for the real estate property tax liability to

9          be re-assessed upon a private party defendant

10         JOHNSON who acquired the possessory interest in

11         a nontaxable publicly owned *Premises* for his exclu-

12         sive private use in developing and operating the

13         subject gun range.

14     (f) Using abusive litigation tactics and misrepresenta-

15         tions to secure a $3,025 sanction award against

16         LIN on a motion filed on 11/4/2016 when trial

17         court had continued on 10/25/2016 the hearing of

1    LIN's fourth motion to file second-amended com-

2    plaint (SAC) from November 3, to November 17,

3    2016 and LIN's SAC motion papers had been e-filed

4    and e-served 38 days earlier on 10/10/2016.

5    (g) Issuing an interstate communication on 1/12/

6    2017 on a sham motion for $78,650 sanction with

7    intent to extort LIN unless he withdrew his lawsuit

8    (RIC1411077) not only against the CITY, but its

9    cross-defendants MATTHEW JOHNSON and WRSP

10   , LLC to whom CITY had sought recovery in its

11   cross-complaint filed on 8/30/2016 for the same

12   cost of defending LIN's lawsuit under indemnity

13   clause in the parties' CUP & the Lease. Further de-

14   tails upon the discovery of the terms of the settle-

15   ment of the said cross-complaint would shed more

16   light into CITY' scheme to extort LIN on the said

17   communication of 1/12/2017.

43.   The JOHNSONS defendants also acted in concert with other conspirators, both known and unknown, who were members and associates of the Enterprise, such as some current and former Riverside County Sheriffs who illegally host their firearm trainings in the subject private membership-only gun range,

44. Within four years statute of limitation on causes of action on racketeering since February 20, 2013 when the subject faulty *Mitigated Negative Declaration* was adopted and before the discovery of a pattern of racketeering activities sued for in the instant action, LIN had filed four unsuccessful *Plaintiff's Motion for Leave to File Second Amended Complaint* proposing newly discovered causes of action that arose out of the conduct, transaction, or occurrence resulting the injuries to his property and his person under WRSP Enterprise's illegal gun range business on the *Premise* and CITY's sanction thereupon in case no. RIC1411077 before Riverside County Superior Court.

COUNT ONE – Illegal gun range busi-
ness on the *Premises* upon FTB's sus-
pension since June 1, 2018.

(Against all defendants)

45.   Paragraphs 1 through 44 set forth above are re-alleged and incorporated herein by reference.

46.   At the time of mandatory settlement conference on January 13, 2017 that resulted in the entry of final *Judgment* on 5/12/2017, no one knew that FTB would suspend on June 1, 2018 WRSP's corporate powers, rights and privileges to the Conditional Use Permit & the *Ground Lease Agreement* to run a gun range business on the *Premises.*

47.   Therefore, the claim mentioned in *California Civil Code* § 1542 and the provision at ¶3 of final *Judgment* refer to an existing right in favor of the creditor LIN as of 1/13/2017, and not to rights which have not yet accrued thereafter.

48.   "Claim" in its primary meaning, is used to indicate the assertion of an *existing right.* LIN's claim that defendants Lessee gun range developers JOHNSON<u>S</u> and defendant Lessor CITY

1   must stop the operation and the development of the subject gun

2   range on CITY's *Premises* upon FTB's suspension of the corporate

3   rights of WRSP, LLC and its affiliated entity WSRP, LLC to trans-

4   act business under fictitious business name did not exist on Jan-

5   uary 13, 2017 when such suspension was not expected and was

6   still unknown.

7       49.   Due to proprietary nature of one's income tax return,

8   LIN did not know nor suspect that JOHNSON as taxpayer for

9   WRSP would have failed to file state income tax returns on thou-

10   sands of dollars of usage fees collected from its members and

11   many off-limit non-members since 2014 that resulted in its sus-

12   pension by FTB.

13       50.   However, WRSP Enterprise's gun range business con-

14   tinues on the *Premise* since its FTB suspension on June 1, 2018,

15   and Lessee CITY OF PERRIS made no effort to stop it.

16       51.   New gun range operation & development on the *Prem-*

17   *ises* since 6/1/2018 are further prohibited as follows:

1  • A 30'-wide 160'-long covered structure was built in

2  the middle of 44'-wide Bellamo Lane dedication (*See*

3  Google Aerial Photo above) in violation of *Final Con-*

4  *ditions of Approval* ¶ 25. (p4, [EX01])

5  • A CUP and the *Lease* for private membership use of

6  the gun range prohibits firearm trainings by third-

7  party business entities on the *Premises*.



8
9  DSCF2667 on 9/22/2019 at 10:15 a.m.

10  • Subject gun range was built without prior *Notice* to

11  FAA for a determination on the propriety of such

12  construction in airport influence areas and a per-

1    mit from State aeronautic regulatory agency.

2    • No CITY permits were issued for the construction of

3    pistol and rifle ranges. The shooting range shown

4    with nests and situated between the pistol and rifle

5    range in Google aerial photo was not proposed in

6    the original CUP application, nor was a permit is-

7    sued for its construction.

8    • Pistol and rifle ranges failed to comply with setback

9    ordinances.

10   • A newly prohibited gun range business on FTB's

11   suspension since June 1, 2018 is further prohibited

12   by the land use violation above, and without CITY

13   business license and a Certificate of Occupancy.

14   • Subject CUP 12-11-0007 has "become null and void

15   and of no effect whatsoever" on February 20, 2016

16   (¶5, *Final Conditions of Approval*, page 1, [EX01]) to

17   allow further development with the delivery of

1        new dirt to the gun range on 9/22/2018 (*See* Photo

2        DSCF3327) and any further new construction to

3        cure existing land use violations.

4        52.   As a direct and proximate result of WRSP Enterprise's

5   racketeering activities, and its continuing business operation

6   and land use violations on the *Premises* since FTB suspension, LIN

7   has suffered economic damage in the diminution of his property

8   value in an estimated amount of $250,000.

9        53.   Plaintiff seeks economic damages on diminution in

10   value of his 10-acre property against all WRSP Enterprise defend-

11   ants and its conspirator CITY OF PERRIS jointly and severally in

12   the amount of $250,000 plus pre-judgment interests for causing

13   new gun range business to be conducted on the adjoining *Prem-*

14   *ises* after FTB's suspension of WRSP, LLC's corporate powers,

15   rights, and privileges to the subject expired CUP and subsequent

16   voided *Ground Lease Agreement*.

COUNT TWO –Breach of Duty of Hon-
est Services (18 U.S.C. § 1346)

(Against CITY OF PERRIS)

54.    Paragraphs 1 through 53 set forth above are re-alleged and incorporated herein by reference.

55.    On February 20, 2013, CITY prepared and adopt a *Mitigated Negative Declaration* falsely declaring that subject gun range is not in March Air Reserve Base's and Perris Valley Airport's influence areas.

56.    CITY had sought approval from Riverside County Airport Land Use Commission for many projects in the airport influence areas, especially those commercial/industrial developments near and surrounding the March Air Reserve Base.

57.    As subject gun range is only less than two miles from the northern-most end of the runway of Perris Valley Airport, CITY clearly knew and should have known that subject gun range is situated at least one airport influence area.

58.    CITY's false declaration that the subject gun range is

not in the airport influence areas was deliberate, something more than a mere error. Such misrepresentation was central to the legitimacy of gun range project, since it was very unlikely that FAA and California State Aeronautic Agency would approve the construction of subject gun range in the takeoff and landing flight paths of March Air Reserve Base where crucial national air defense readiness resides.

59.   For such a project in the airport influence areas, the preexisting noise for project area under takeoff and landing flight paths is required to be considered in conducting *California Environmental Quality Act* (CEQA) review that could increase its cost to mitigate, or even hinder the project to proceed forward.

60.   To bypass these two hurdles in its aid to WRSP Enterprise, CITY devised a scheme to falsely declare that subject gun range project is not in any airport influence area.

61.   CITY and WRSP defendants further acted to cover up the scheme before trial court by blaming LIN for not discovering

1    this fact readily available "on the public record" before filing

2    RIC1411077 action to defeat LIN's attempt to establish such false

3    declaration as a new cause of action in Plaintiff's motion for leave

4    to file second amended complaint.

5        62.   CITY's not-in-airport-influence-area scheme deprived

6    LIN of the intangible right of honest service as defined in 18

7    U.S.C. ¶1346.

8
9
10

**COUNT THREE – Extortion (18 U.S.C.
§§ 875(d), 1343 *Wire fraud*; CA Penal
Code § 523(a))**

---

(Against CITY OF PERRIS)

11

12        63.   Paragraphs 1 through 62 set forth above are re-alleged

13    and incorporated herein by reference.

14        64.   On the eve of mandatory settlement conference for

15    RIC1411077 on January 13, 2017, CITY transmitted through its

16    legal counsel in interstate commerce a writing ([EX03]) that

17    threatened to cause LIN to suffer a $78,650 loss that CITY

18    claimed to be the cost in defending LIN's lawsuit unless LIN ten-

19    ders a thing of value by withdrawing the entire RIC1411077 not

1   only against CITY, but also CITY's cross-defendants Mr. Matthew

2   Johnson and WRSP, LLC for their failure to comply with the in-

3   demnity agreement under parties' CUP and *Lease*.

4      65.   The writing ([EX03]) disguised as a motion pursuant

5   to CCP § 128.5 could have been submitted, but was not submitted

6   to a judge at the time of transmission for the purpose of providing

7   an alleged "safe harbor" period to coerce LIN into a settlement in

8   the mandatory settlement conference that was to take place dur-

9   ing this "safe harbor" period the following morning if LIN wanted

10  to avoid the threatened financial ruin presented therein.

11     66.   The said writing expressed, implied and/or was adapt-

12  ed to imply a threat to extort and to induce fear for extreme fi-

13  nancial loss upon LIN, then 68-year-old, to injure his tangible and

14  intangible benefits and First Amendment Right to petition the

15  court, a branch of U. S. government, for redress of grievance for

16  the injuries inflicted on LIN's 10 acres property, which benefit

17  and right qualify as personal property under California Penal

1    Code § 7(12).

2    67.   CITY had no right in seeking the recovery of its cost

3    under CCP §128.5 and/or §128.7 on a suit that is commenced un-

4    der the *Government Claims Act.* CITY may only seek the recovery

5    of defense costs upon motion pursuant to CCP §1038 at the time

6    of granting any summary judgment to determine whether LIN

7    had brought the said proceeding with reasonable cause and in the

8    good faith belief that there was a justifiable controversy under

9    the facts and law which warranted the filing of the complaint.

10   68.   However, CITY had not filed its motion for summary

11   judgment and the trial court had not ruled in its favor for the

12   CITY's yet-to-be-filed CCP §1038 motion to recover defense cost.

13   69.   Furthermore, CITY is barred from "double-dipping"

14   when it had sought same damage in a cross-complaint against

15   cross-defendants MATTHEW JOHNSON and WRSP, LLC under

16   the *Indemnity Clause* in parties' *Conditional Use Permit* and the

17   *Ground Lease Agreement.*

70.   A threat to file the subject CCP § 128.5 and/or CCP § 128.5 will be insufficient to trigger application of the litigation privilege when such motion was not "permitted by law in the course of a judicial proceeding" when there had not been a motion for summary judgment filed, CITY had a pending cross-complaint against JOHNSONS seeking the recovery of the said cost in defending LIN's lawsuit, and CITY sought the withdrawal of action against its cross-defendants JOHNSONS, a non-movant.

71.   Thus, the alleged CCP § 128.5 and/or § 128.7 motion for $78,650 sanction was merely "hollow threats of" actual motion for sanction that did not qualify for the absolute litigation privilege.

72.   No public policy supports extending a privilege to persons who attempt to profit from hollow threats of sanction motion.

73.   Absolute litigation immunity does not protect attorneys for the use of legal process for the unlawful, ulterior purpose

1   of inflicting injury on the Plaintiff and protecting a criminal en-

2   terprise they did not represent.

3       74.   Such conduct was not a result of CITY's negligence,

4   but was intentionally designed to subvert the underlying pur-

5   pose of a judicial proceeding and constituted the illegal use of le-

6   gal process in an improper manner or primarily to accomplish a

7   purpose for which it was not designed.

8       75.   Rather than acting in its regulatory capacity to launch

9   an enforcement action against WRSP Enterprise for their land

10  use violations and in its commercial or proprietary role as a par-

11  ticipant in the real estate marketplace as the Lessor to terminate

12  a lease for WRSP's material breaches through its cross-complaint

13  against JOHNSON and WRSP, CITY aided and abetted WRSP rack-

14  eteering enterprise by extorting LIN on a threat of $78,650 loss

15  to withdraw the RIC1411077 action against its cross-defendant

16  WRSP Enterprise to whom a $78,650 legal fees was owed.

17      76.   CITY's writing ([EX03]) was a mere sham to cover

1   what was actually nothing more than an attempt to give itself

2   some "safe harbor" time to extort LIN to surrender his rights to

3   expose on the then undiscovered racketeering enterprise.

4       77.   CITY's writing transmitted over the interstate com-

5   merce on January 12, 2017 ([EX03]) was a scheme devised to de-

6   fraud and to obtain property from LIN by means of false or fraud-

7   ulent pretenses and representations under 18 U.S.C. §1343 and in

8   an attempt to aid WRSP racketeering enterprise.

9                COUNT FOUR – Conspiracy to Aid
10             WRSP Enterprise to Evade Property
11             Tax Liability. (26 U.S.C. §7201 - *At-*
12              *tempt to evade or defeat tax*)

13              (Against CITY OF PERRIS)

14       78.   Paragraphs 1 through 77 set forth above are re-alleged

15   and incorporated herein by reference.

16       79.   *Government Code* §65863.5 providing as follows:

17      ***Government Code* §65863.5**

18         "Whenever the zoning covering a property is
19          changed from one zone to another or a zoning
20          variance or conditional use permit is granted
21          with respect to any property, the governing
22          body of the city or county shall, within 30 days,

1    notify the county assessor of such action."

2    80.   Under *California Constitution,* and *Revenue and Taxa-*

3    *tion Code*, Riverside County Assessor has a duty to re-assess "any

4    property" in accordance with the law upon the receipt of subject

5    *Notice* upon granting CUP 12-11-0007 for the *Premises* (APN 313-

6    180-013) on 2/20/2013.

7    81.   Through a *Ground Lease Agreement* ([EX02]) effective

8    November 7, 2013, defendant Lessor CITY OF PERRIS disposed of

9    itself of the *Premises* and granted the Lessee defendant WSRP the

10   right to enter and possess the designated *Premises* in subordina-

11   tion to the Lessor CITY OF PERRIS' title, for a fixed consideration

12   and period of time.

13   82.   Since the subject *Ground Lease Agreement* granted a

14   private party defendant WSRP the exclusive use of a non-taxable

15   public land (the *Premises*) for the development and construction

16   of a membership-only private outdoor shooting and archery

17   range, a taxable possessory interest was created. (See *Revenue and*

1     *Taxation Code* §§61(b), 107-107.9, 480.6 and property tax rules

2     20-28 of County of Riverside, CA)

3         83.   Defendant Lessee WSRP's private possessory interest

4     in nontaxable publicly owned *Premises* became taxable effective

5     November 7, 2013. However, CITY knowingly failed, even after

6     FTB's suspension, to file such *Notice* under *Government Code* §

7     65863.5, a preliminary change in ownership report or change in

8     ownership statement under RTC §480.6, and prevented Riverside

9     County Assessor from imposing tax liability upon JOHNSON, the

10    responsible tax payer for WRSP Enterprise.

11        84.   California *Revenue and Taxation Code* § 72 provides:

12              ***Revenue and Taxation Code* § 72**

13       (a) A copy of any building permit issued by any city,
14          county, or city and county shall be transmitted by
15          each issuing entity to the county assessor as soon
16          as possible after the date of issuance.

17       (b) A copy of any certificate of occupancy or other doc-
18          ument that shows the date of completion of new
19          construction issued or finalized by any city,
20          county, or city and county, shall be transmitted by
21          each entity to the county assessor within 30 days
22          after the date of issuance or finalization.

85.   CITY has failed to transmit a copy of the building permit for the construction of the 30'-wide and 160'-long covered structure for the pistol range to Riverside County assessor to "determine the new base year value for the portion of any taxable real property," even after FTB's suspension, so that tax liability can be imposed on JOHNSON.

86.   For the construction of subject archery, pistol and rifle shooting ranges, substantial "alteration of land" to establish the backstop for the bullets had taken place and new "fixtures" (*See* RTC § 70(a)(2)) had been added.

87.   However, CITY allowed the construction of these shooting ranges totaling approximately 3.5 acres to proceed without a permit for Riverside County Assessor to determine JOHNSON's property tax liability.

88.   CITY further allows WRSP Enterprise to operate the subject gun range not only since FTB's suspension on June 1, 2018, but since gun range's opening on November 8, 2014, with-

1   out a Certificate of Occupancy in clear violation of California

2   Building Code. Such illegal sanction has aided WRSP Enterprise

3   to evade their property tax liability.

4       89.   As fee owner Lessor and public entity in enforcing the

5   land use regulations, CITY conspired to aid WRSP Enterprise's

6   property tax evasion.

7
8

COUNT FIVE – Aiding & Abetting
WRSP Racketeering Enterprise.

9
(Against CITY OF PERRIS)

10      90.   Paragraphs 1 through 89 set forth above are re-alleged

11   and incorporated herein by reference.

12      91.   *Final Conditions of Approval* for granting the subject

13   CUP requires JOHNSON to "maintain compliance with all local

14   and City ordinances, including … maintenance of a City business

15   license" (¶8. *City Business License*, p2, [EX01]) for the operation of

16   the private gun range.

17      92.   However, CITY has allowed the WRSP Enterprise to

18   operate the subject gun range business within the limits of its ju-

risdiction without procuring a license since its opening on November 8, 2014 in violation of ¶ 8 *City Business License* of the Final Conditions of Approval.

93.   CITY could have exercised "its police power," and "for the purpose of regulation" started "its collection of the license fee by suit or otherwise" under California *Business & Professions Code* §16000(a), however, CITY knowingly allows the racketeering enterprise to continue at the expense of LIN's property rights.

94.   As a mean to aid and abet a racketeering enterprise, CITY has been sanctioning WRSP Enterprise violations of federal, state and its own land-use regulations since the adoption of the subject *Mitigated Negative Declaration* on February 20, 2013.

95.   CITY had specific intent to facilitate the commission of a crime by WRSP Enterprise and had the requisite intent of the underlying substantive offense.

96.   Furthermore, CITY assisted or participated in the commission of the underlying substantive offense committed by

1  WRSP Enterprise. CITY intentionally became involved and par-

2  ticipated, i.e. engaged in affirmative conduct designed to aid

3  WRSP Enterprise to continue to exist and to expand.

COUNT SIX – Conspiracy to Commit
Property Tax Evasion. (26 U.S.C.
§7201 - *Attempt to evade or defeat tax,*
and related State statutes)

(Against JOHNSON, WRSP, WSRP)

9  97.   Paragraphs 1 through 96 set forth above are re-alleged

10  and incorporated herein by reference.

11  98.   Through a *Ground Lease Agreement* ([EX02]) effective

12  November 7, 2013, defendant Lessor CITY OF PERRIS disposed of

13  itself of the *Premises* and granted the Lessee defendant WSRP the

14  right to enter and possess the designated premises in subordina-

15  tion to the Lessor CITY OF PERRIS' title, for a fixed consideration

16  and period of time.

17  99.   Since the subject *Ground Lease Agreement* granted a

18  private party defendant WSRP the exclusive use of a non-taxable

19  public land (the *Premises*) for the development and construction

1    of a membership-only private outdoor shooting and archery

2    range, a taxable possessory interest was created pursuant to Cal-

3    ifornia *Revenue and Taxation Code* (RTC) §§61(b), 107-107.9,

4    480.6 and property tax rules 20-28 of County of Riverside, CA,

5    and a new base year value for the portion of any taxable real prop-

6    erty should be determined and assessed by the assessor pursuant

7    to RTC § 71.

8        100.  Defendant Lessee WSRP's private possessory interest

9    in nontaxable publicly owned *Premises* became taxable effective

10   11/7/2013.

11       101.  Through the filing of Plaintiff's *Supplement* to his sec-

12   ond motion to file SAC2 on April 5, 2016, defendants JOHNSON

13   and WRSP were made known of their tax liability in WSRP, LLC's

14   leasehold interest in the *Premises*.

15       102.  Due to propriety nature of one's tax filing status, LIN

16   has no knowledge on whether JOHNSON have fulfilled tax liabil-

17   ity on the subject leasehold interests in the *Premises*, and on the

1   income collected from the operation of subject outdoor gun

2   range business.

3        103. Subject to the discovery that proves otherwise, how-

4   ever, from FTB's suspension of WRSP for its failure to file state

5   income tax returns since 2014, LIN has a reason to believe JOHN-

6   SON has failed to pay the additional federal and California state

7   taxes due and owing from the leasehold interests in the *Premises*,

8   and from the income collected from the operation of subject out-

9   door gun range business in violation of 26 U.S.C. §7201 - *Attempt*

10  *to evade or defeat tax*.

COUNT SEVEN – Federal and State Gun
Range Income Tax Evasion. (26 U.S.C.
§7203 - *Willful failure to file return, sup-*
*ply information, or pay tax,* & §6050I)

(Against JOHNSON, WRSP, WSRP)

16       104. Paragraphs 1 through 103 set forth above are re-al-

17  leged and incorporated herein by reference.

18       105. In light of WRSP, LLC failure to file state income tax

19  returns since 2014 ([EX05]), Plaintiff LIN has reason to believe

1    from the frequent cash transactions for the use of subject gun

2    range that violations under 26 U.S.C. §6050I have been commit-

3    ted within WRSP Enterprise.

4         106. In the course of running the subject private outdoor

5    gun range, Plaintiff believe WRSP Enterprise has received more

6    than $10,000 aggregated amount in cash over the reportable tax

7    years since 2014, excluding any checks drawn, in 2 or more re-

8    lated transactions in the gun range use of the *Premises*, such as

9    cash from each trap shooter based on the number of rounds fired

10   /trips on each Saturday, and from membership fees, sponsored

11   events, and frequent third-party business' firearm trainings.

12   Whether WRSP Enterprise committed illegal money laundering

13   for such amount of cash and other illegal payments remains to be

14   determined upon discovery.

15        107. With FTB's suspension of its certificate after reasona-

16   ble length of due process communications, defendant WRSP, LLC

17   has willfully failed to file returns, supply information, keep rec-

1  ords, or pay tax in violations of 26 U.S.C. §7203 and applicable

2  state statutes.

3      108.  Unless proven otherwise in the coming discovery, LIN

4  has reason to believe from WRSP, LLC's failure to file a state tax

5  returns since 2014 that it has also failed to report the income

6  from gun range business to IRS for some period of time.

7  COUNT EIGHT – Accepting Illegal Payment.
8  (18 U.S.C. §1341 – *Frauds & swindles*)
9  (Against JOHNSON, WRSP, WSRP)

10      109. Paragraphs 1 through 108 set forth above are re-al-

11  leged and incorporated herein by reference.

12      110.  By means of false or fraudulent pretenses, representa-

13  tions, or promises to sell the service over the internet of an other-

14  wise unlawful outdoor shooting range where no Certificate of

15  Occupancy has been issued due to various land use violations,

16  and its certificate to run a gun range business has been sus-

17  pended by FTB as of June 1, 2018 for failure to pay taxes, WRSP

18  Enterprise has been accepting illegal payments for gun range us-

1   age since its opening on 11/8/2014 from unsuspecting members

2   and other third-party business entities seeking to host events or

3   firearm training classes.

4                    COUNT NINE – Wire Fraud. (18 U.S.C.
5            §1343 – *Fraud by wire, radio, or television*)
6                    (Against JOHNSON, WRSP, WSRP)

7        111. Paragraphs 1 through 110 set forth above are re-al-

8   leged and incorporated herein by reference.

9        112.  The staff report dated February 20, 2013 in support of

10  the proposed gun range stated on page 3:

11              **Staff Report**
12       The existing bathroom facility and covered area for
13       the rifle range do not conform to the setback regula-
14       tion. … the setbacks will be consistent with the OS
15       zone of the Perris Municipal Code. …

16       113. To meet the setbacks requirement and ¶25 of *Final*

17  *Conditions of Approval* (p 4, [EX01]), JOHNSON could not have

18  built the current covered structure for pistol range in the middle

19  of 44'-wide Bellamo Lane dedication, and JOHNSON's new pistol

20  range, if legally built in accordance with the land use regulations,

1    would have been shortened from 150' to about 106'.

2        114. Refusing to shorten the pistol range, JOHNSON pro-

3    ceeded to build under CITY's permit the covered structure on the

4    same footprint of the former covered area that *Staff Report* al-

5    ready pointed out its noncompliance with setbacks ordinance.

6        115. On its facebook.com/PerrisRange, JOHNSON boasted

7    a 50-yard 27-bays pistol range with a nice covered structure at its

8    opening on November 8, 2014, but failed to disclose to the public

9    that the seemly nice covered structure was illegally built by the

10   closure of Bellamo Lane to the public, and he had illegally doubled

11   the size of the pistol range to 27 bays.

12       116. Being moderated by JOHNSON, subject gun range's fa-

13   cebook webpages are full of praises on how nice it was built and

14   how nice, friendly and helpful "the couple", i.e. the Johnsons, are.

15       117. JOHNSON even produced a drone video around March

16   2016 to show the world on YouTube

17           (https://www.youtube.com/watch?v=W6yXI0PdYYM)

1    the accomplishment of the subject gun range.

2          118.  However, they never disclosed that they have illegally

3    closed the Bellamo Lane to their private use, and the subject gun

4    range has been operating without CITY business license, and the

5    *Premises* has yet to be issued a Certificate of Occupancy since its

6    opening on 11/8/2014.

7          119.  They never disclosed the "nice, friendly and helpful

8    couple" had failed to file gun range state income tax returns since

9    2014, and FTB has suspended WRSP gun range's operation since

10   June 1, 2018.

11         120.  They never disclosed to the public that the 50-yard

12   pistol range was so dangerous that bullets often fly over the back-

13   stop even with plywood erected on top until about 2 years later

14   that JOHNSON was forced to shorten the pistol range to 25 yards

15   with a backstop half the height of the 50-yards one, and plywood

16   continues to stand on top of this new backstop in a futile attempt

17   to confine the bullets.

121.  What the gun range www.facebook/PerrisRange web-pages promotes under JOHNSON's moderation has been nothing but Second Amendment gun rights activism and conservative Christianity to cultivate a cult following around him to advance his criminal racketeering enterprise.

122. The facts above exposed JOHNSON's scheme by means of false or fraudulent pretenses, representations, or promises on the gun range's facebook webpages the service of an otherwise il-legal and dishonest gun range business with specific intent to de-ceive and defraud the unsuspecting public to join as a fee-paying member.

123.  It is well established that each use of the wires consti-tutes a separate crime under 18 U.S.C. S 1343, even if the several uses are in pursuance of but one criminal enterprise. Therefore, WRSP Enterprise left a lengthy footprint of its wire fraud crimi-nal activities.

COUNT TEN – Racketeering Conspiracy
(18 U.S.C. § 1349 *Attempt and Conspiracy*)

56    *Plaintiff's 1ˢᵗ-Amended Complaint*

1                                    (Against all defendants)

2         124. Paragraphs 1 through 123 set forth above are re-al-

3 leged and incorporated herein by reference.

4         125. In or about since November 2012, within the Central

5 District of California and online, defendants JOHNSON, WRSP,

6 WSRP, and CITY, together with their legal counsels and others,

7 being persons employed by and associated with the WRSP Enter-

8 prise, an enterprise that engaged in, and the activities of which

9 affected, interstate and foreign commerce, did knowingly and in-

10 tentionally conspire:

11      &bull; to violate 18 U.S.C. §1962(a), that is, to receive any

12         income derived, directly or indirectly, from a pat-

13         tern of racketeering activity to use or invest, di-

14         rectly or indirectly, any part of such income, or the

15         proceeds to such income, in the establishment and

16         operation of any enterprise which is engaged in, or

17         the activities of which affect, interstate or foreign

1    commerce, and

2    • to violate 18 U.S.C. §1962(b), that is, through a pat-

3    tern of racketeering activity to acquire or maintain,

4    directly or indirectly, any interest in or control of

5    any enterprise which is engaged in, or the activities

6    of which affect, interstate or foreign commerce,

7    and

8    • to violate 18 U.S.C. §1962(c) to conduct and partici-

9    pate, directly and indirectly, in the conduct of the

10   affairs of such enterprise through a pattern of rack-

11   eteering activity, as that terms is defined in Title 18

12   U.S.C. §§875(d) - *Extortion*, 1343 - *Wire fraud*, 1346

13   – *Breach of duty of honest services*, CA Penal Code

14   §523 (a), 26 U.S.C. §§7201 - *Attempt to evade or de-*

15   *feat tax*, and §7203 - *Willful failure to file return,*

16   *supply information, or pay tax.*

17   126.  The pattern of racketeering activities through which

1    defendants JOHNSON, WRSP, WSRP, and CITY, together with

2    their legal counsels, agreed to conduct and participate, directly

3    and indirectly, in the conduct of the affairs of the WRSP Enter-

4    prise consisted of multiple acts indictable under:

5         (a) 26 U.S.C. §7201 - *Attempt to evade or defeat tax,*

6         (b) 26 U.S.C. §7203 *Willful failure to file return, sup-*

7              *ply information, or pay tax,*

8         (c) 18 USC §1343 *Fraud by wire, radio, or television*

9         (d) 18 U.S.C. § 875(d) *Interstate communication with*

10             *intent to extort*, and CA Penal Code § 523(a).

11    127. Act involving extortion, in violation of California Pe-

12    nal Code Section 523(a), wire fraud, and tax evasion were part of

13    the conspiracy that each defendant agreed that a conspirator

14    would commit at least two acts of racketeering in the conduct of

15    the affairs of the Enterprise.

16                    COUNT ELEVEN – Racketeering

17                       (Against all defendants)

128. Paragraphs 1 through 127 set forth above are re-alleged and incorporated herein by reference.

129. In or about since November 2012, within the Central District of California and online, defendants JOHNSON, WRSP, WSRP, and CITY, together with their legal counsels and others, being persons employed by & associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate & foreign commerce, did knowingly and intentionally:

- violate 18 U.S.C. §1962(a), that is, to receive any income derived, directly or indirectly, from a pattern of racketeering activity to use or invest, directly or indirectly, any part of such income, or the proceeds to such income, in the establishment and operation of any enterprise which is engaged in, or the activeties of which affect, interstate or foreign commerce, and

- to violate 18 U.S.C. §1962(b), that is, through a pat-

1    tern of racketeering activity to acquire or maintain,

2    directly or indirectly, any interest in or control of

3    any enterprise which is engaged in, or the activities

4    of which affect, interstate or foreign commerce,

5    and

6    • to violate 18 U.S.C. §1962(c) to conduct and partici-

7    pate, directly and indirectly, in the conduct of the

8    affairs of such enterprise through a pattern of rack-

9    eteering activity, as that terms is defined in Title 18

10   U.S.C. §§875(d) - *Extortion*, 1343 - *Wire fraud*, 1346

11   – *Breach of duty of honest services*, CA Penal Code

12   §523 (a), 26 U.S.C. §§7201 - *Attempt to evade or de-*

13   *feat tax*, and §7203 - *Willful failure to file return,*

14   *supply information, or pay tax.*

15       130. The pattern of racketeering activity through which

16   defendants JOHNSON, WRSP, WSRP, and CITY, together with

17   their legal counsels, agreed to conduct and participate, directly

1    and indirectly, in the conduct of the affairs of the Enterprise con-

2    sisted of multiple acts indictable under:

3        (a) 26 U.S.C. §7201 - *Attempt to evade or defeat tax,*

4        (b) 26 U.S.C. §7203 *Willful failure to file return, sup-*

5           *ply information, or pay tax,*

6        (c) 18 U.S.C. §1341 – *Frauds & swindles* for accept-

7           ing illegal payment,

8        (d) 18 USC §1343 *Fraud by wire, radio, or television*

9        (e) 18 USC §1346 – Breach of duty of honest service

10       (f) 18 U.S.C. § 875(d) *Interstate communication with*

11          *intent to extort*, and CA Penal Code § 523(a).

12       131. Act involving extortion, in violation of California Pe-

13   nal Code Section 523(a), wire fraud, and tax evasion were part of

14   racketeering activities that each defendant agreed to commit at

15   least two acts of racketeering in the conduct of the affairs of the

16   Enterprise.

COUNT TWELVE – Injunction (18
U.S.C. §1964(a), and Common Law)

(Against all defendants)

132. Paragraphs 1 through 131 set forth above are re-alleged and incorporated herein by reference.

133. **18 U.S.C. §1964**

> (a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

134. Defendant conspirator CITY has knowingly and intentionally aided and abetted WRSP racketeering enterprise by:

- Allowing WRSP Enterprise to continue its gun range business on its *Premises* upon FTB's suspen-

1    sion of WRSP's corporate rights and privilege that

2    had rendered subject CUP, and *Ground Lease Agree-*

3    *ment* void.

4    • Allowing WRSP Enterprise to operate a gun range,

5    even after FTB's suspension of WRSP's Certificate,

6    without City's Business License and a Certificate of

7    Occupancy.

8    • Aiding & abetting WRSP Enterprise to evade its tax-

9    able possessory leasehold interest in the *Premises*,

10   • Aiding and abetting WRSP Enterprise's business by

11   making no effort to enforce its land use violations.

12   135. Defendants JOHNSON<u>S</u> have knowingly and inten-

13   tionally committed following racketeering activities for the

14   purpose of advancing WRSP Enterprise's gun range business by:

15   • Failing to file state/possibly federal gun range in-

16   come tax returns since 2014 for thousands of dol-

17   lars of membership fees collected from their gun

1    range business,

2    • Constructing a 30'-wide covered structure for their

3    pistol range in the middle of 44'-wide Bellamo Lane

4    dedication for the purpose of advancing racketeer-

5    ing enterprise's gun range business,

6    • Blocking LIN's access to his property by construct-

7    ing a 659'-long chain-link fence on his property line

8    and a yellow steel gate across the said public street,

9    • Failing to submit to FAA a *Notice* pursuant to §77.7

10    of Title 14 of Code of Federal Regulations prior to

11    the construction of subject gun range.

12    • Running the subject gun range without a CITY busi-

13    ness license and without a Certificate of Occupancy

14    since November 8, 2014.

15    136.  As the subject gun range has been built and operated

16    illegally, its Conditional Use Permit had expired on 2/20/2015 to

17    cure any land use violations, and California Franchise Tax Board

1   has suspended WRSP, LLC's corporate powers, rights, and bene-

2   fits to operate a gun range as of June 1, 2018, Plaintiff prays the

3   Court issue a permanent injunction to prohibit CITY and JOHN-

4   SONS to have any further activities on the *Premises* that have af-

5   fected the interstate and foreign commerce.

6          137.  WHEREFORE, Plaintiff LIN is entitled to an injunction

7   ordering all defendants to halt the subject illegal gun range busi-

8   ness on the Premises to protect the public safety and the inter-

9   state commerce.

10          COUNT THIRDTEEN – Exemplary Dam-
11          age under *California Civil Code* §3294.

12          (Against all defendants)

13          138. Paragraphs 1 through 137 set forth above are re-al-

14   leged and incorporated herein by reference.

15          139.  CITY's *Staff Report* clearly stated that the former bath-

16   room facility and covered area for the rifle range did not conform

17   to the setback regulation. However, JOHNSON purposefully built

18   the new covered structure for pistol range on the former concrete

1   pad in total disregard of the setback ordinance. For such viola-

2   tion, CITY still issued a permit for such construction to proceed.

3       140. ¶25 of Final Conditions of Approval clearly prohibits

4   all improvements and proposed fencing to be built on the Bel-

5   lamo Lane dedication. However, JOHNSON intentionally built a

6   30'-wide 160'-long covered structure for pistol range in the mid-

7   dle of 44'-wide Bellamo Lane dedication, erected a chain-link

8   fence on the shared boundary line approximately 990 feet in

9   length, and a yellow steel gate across the entire width of such

10  dedication.

11      141. LIN's motion for leave to file Second-Amended Com-

12  plaint had brought to light WSRP's property tax liability for its

13  leasehold interests in the *Premises*. However, from FTB's suspen-

14  sion of WRSP's Certificate for failure to file gun range income tax

15  returns since 2014, LIN has reasons to believe such property tax

16  had not been paid since also.

17      142. JOHNSON's failure to file gun range income tax re-

1   turns since 2014 that resulted in FTB's suspension clearly

2   showed the extent of his desire to unjustly enrich himself in total

3   disregard to a normal citizen's duty to the wellbeing of the State

4   and the community that these taxes support.

5       143. It is the core purpose of exemplary damage when a

6   CITY falsely declared in its official business that the gun range

7   project is not in the airport influence areas so as to allow JOHN-

8   SON to evade enhanced CEQA review on noise, federal and State

9   aeronautic regulations, and then blaming LIN for failure to dis-

10  cover such falsehood from the public record.

11      144. JOHNSON has been operating the subject gun range

12  without a City business license and a Certificate of Occupancy

13  since its opening on 11/8/2014 while collecting usage fees in the

14  thousands without paying any tax. However, CITY took no action

15  to enforce its land use regulations while knowingly sanctioned

16  such illegal operation.

17      145. CITY's fraudulent motion for $78,650 sanction served

1   on the eve of mandatory settlement conference on 1/13/2017 to

2   coerce LIN into submission is oppressive and malice.

3      146.  After being advised of the consequence of FTB's sus-

4   pension of WRSP's certificate during an oral argument before

5   State Fourth District of Court of Appeal in Riverside, CA on 10/3/

6   2018, CITY and WRSP Enterprise's failure to cease the gun range

7   operation on the *Premises* is fraudulent, lawless and malice.

8      147.  Pursuant to California Civil Code §3294, Plaintiff shall

9   seek exemplary damage upon clear and convincing evidence on

10   all defendants' oppression, fraud and malice.

11
12                         PRAYER FOR RELIEF

13      148.  WHEREFORE, S. EMANUEL LIN respectfully requests

14   the Court enter judgment against all defendants as follows:

15      (a) For damages to his 10-acre property in the amount

16         of $250,000 to be paid jointly and severally by all

17         defendants;

18      (b) Restitution, unjust enrichment, and disgorgement

1      of gun range's usage fees illegally collected since its

2      opening on 11/8/2014;

3   (c) Entry of an order that restrains and preliminarily

4      enjoins, and a Final Order that permanently en-

5      joins, WRSP Enterprise's gun range business on the

6      *Premises* under 18 U.S.C. §1964(a);

7   (d) Removal jointly and severally by all defendants of

8      covered structure for pistol range, and bathroom

9      currently built in the middle of 44'-wide Bellamo

10     Lane dedication in violation of *Final Conditions of*

11     *Approval*;

12  (d) Exemplary and punitive damages;

13  (e) Treble damages as provided in 18 U.S.C. §1964(c);

14  (f) Reasonable attorneys' fees under 18 U.S.C. §1964(c)

15     and costs;

16  (g) Prejudgment interest pursuant to *California Civil*

17     *Code* §3288 and §3287(a) since February 13, 2019

1        when LIN filed first claim of damages against CITY

2        OF PERRIS;

3    (h) For such other and further relief as the Court

4        deems just and property.

5
6                    DEMAND FOR JURY TRIAL

7        Pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*,

8    plaintiff S. EMANUEL LIN demands a jury trial on all issues tria-

9    ble to a jury.

10

11   Dated: Wednesday August 14, 2019          S. Emanuel Lin
12                                            3527 Woodvalley Drive
13                                            Houston, TX 77025
14                                              (713) 858-2462
15                                          LinEmanuel@gmail.com